SOLOMON THAYER *versus* JAMES BOYLE.

An indictment on the statute " of malicious mischief," &c. chap. 162, may be maintained, although the facts proved might have supported an indictment, under the statute, chap. 155, for arson.

In such a case, it is not necessary that the offender should be prosecuted *criminaliter*, prior to the commencement of a civil action by the party injured.

In such an action, evidence of the general good character of the defendant is inadmissible ; as is also the evidence, that the plaintiff's witness was habitually intemperate.

The jury, in such an action, were instructed to decide upon the *balance of testimony*, as in other civil cases ; and that the defendant was not entitled to a verdict, upon merely raising a *reasonable doubt*, as would be the case, in a criminal prosecution. — *Held*, (WELLS, J. *dissentiente*,) that the instruction was erroneous.

TRESPASS, for wilfully and maliciously setting fire to and burning and destroying the plaintiff's barn, with its contents, consisting of, &c.

There were three counts. The first two were founded on the statute, for the treble damage ; the other was at the common law.

The defendant's counsel offered evidence of the defendant's good character. It was objected to and excluded.

The defendant's counsel also offered evidence, that one of the plaintiff's witnesses was habitually intemperate. It was objected to and excluded.

Other legal questions raised on the trial, with the views of the Court thereon, will appear in the opinion.

The presiding Judge instructed the jury that, in examining the case, they should decide upon the balance of testimony as in other civil cases ; and that the defendant was not entitled to a verdict in his favor, upon merely raising a reasonable doubt, as would be the case in a criminal prosecution.

The trial was before WELLS, J. The verdict was for the plaintiff, and the defendant excepted.

*B. Bradbury*, for defendant.

1. The statute action cannot be maintained on the allegations in the writ or on the evidence. Rev. Stat. 162, § 13; Rev. Stat. 155, sect. 3, 4 and 5; 7 Mass. 523; 1 Pick. 248; 10 Pick. 235; 20 Pick. 269; 13 Pick. 284; Minot's Digest, art. "statutes," 1.

2. The allegations in the writ and the evidence showing the acts, if committed by defendant, to be a felony, a civil action cannot be maintained at common law, till after prosecution for the felony. 3 Greenl. 458; 4 Greenl. 164; 1 East, 494; Sedgwick on Rule of Damages, 494; 2 Starkie's Ev. 818, 6th Amer. Ed.; Yelverton, 90, note (a) and cases cited; 2 Story's R. 59; Stat. 1844, chap. 102; 5 Bacon's Abr. art. "Trover;" *Crosby* v. *Lane*, 12 East, 409.

3. Evidence of the general good character of defendant, prior to the act complained of, should have been admitted. Greenl. Ev. 61, and cases cited; 2 Starkie's Ev. 215.

4. Evidence of the intemperate habits of the witness, should have been admitted. 1 Starkie's Ev. 181, note (1); Greenl. Ev. 513, note 3.

5. The Court erred in the instructions with regard to the balance of evidence.. *Oliver* v. *Gibson*, decided in Penobscot county, not reported.

*Thayer, pro se.*

1. The character of the parties is immaterial. 2 Greenl. on Ev. § 269; *Fowler* v. *Ætna Ins. Co.* 6 Cowen, 675; 2 B. & P. 532, note a.

2. The statute on which the action is brought, does not designate the instrument of destruction. Any destruction, whether by fire or otherwise, comes under the statute. Chap. 162, § 13.

3. The common law doctrine of merger of the civil remedy in case of felony, till after conviction or acquittal *criminaliter*, was never in force in this State, except in cases of robbery and

larceny, and that is now done away by statute of 16th March, 1844.

It is the duty of the jury in civil cases, to find according to the balance of testimony, even though a higher degree of certainty were necessary, if the defendant were on criminal trial, for the same act. 1 Greenl. § 13, a, 4th edition.

The opinion of the Court, (WELLS, J. dissenting,) was drawn up by

TENNEY, J. — This is an action of trespass, in which the plaintiff seeks to recover damages for the destruction of his barn, and other property. The first and second counts in the writ charge the defendant with having committed the acts alleged in violation of the statute, and the claim is for a sum three times the value of the property destroyed. The third count is at common law for the wilful and malicious destruction of the same property.

It is contended in behalf of the plaintiff that the right to maintain the suit on the first two counts, is given by the statute, chap. 162, entitled "of malicious mischief, and trespasses on property," sect. 13. By this statute, a person who shall wilfully and maliciously injure, destroy or deface any building or fixture attached thereto, not having the consent of the owner thereof, shall be punished in the county jail, not more than one year, and by a fine not exceeding five hundred dollars; "and shall also be liable to the party injured, in a sum equal to three times the value of the property so destroyed or injured, in an action of trespass."

It is denied by the defendant's counsel, that the statute embraces such a cause of action as that alleged in the writ; and also that the common law remedy is not open to the plaintiff, until after the termination of a criminal prosecution against the defendant, by a conviction or acquittal for the offence charged.

And it is contended for the defendant, that the Revised Statutes, chap. 155, entitled "of offences against habitations

Thayer *v.* Boyle

and other buildings, including arson, burglary and similar crimes," sections 3, 4 and 5, have provided a punishment for the crime, which the defendant has committed, if the allegations in the writ are true ; and therefore it is not comprehended in the provision relied upon by the plaintiff; and that the supposed liability to the owner of the property is not incurred under the statute.

The civil remedy provided by the statute for the cases therein referred to, is confined to those, where the person who committed the acts is subject to the punishment, on conviction, affixed to the offences therein specified. The owner of the property, injured, destroyed or defaced, cannot obtain redress, by the authority of that provision, beyond those offences, where the perpetrators are made criminally liable thereby.

Under the statute referred to by the defendant's counsel, the defendant, if found guilty upon a trial under an indictment for such an offence, as the one charged against him in the writ, would be exposed to imprisonment in the State's prison for the term of ten years. The Supreme Judicial Court would have exclusive jurisdiction of that offence ; and the violations of the statute, relied upon by the plaintiff, are cognizable by the District Court only. Chap. 166, sect. 1, 2.

If the Legislature thought proper to provide the civil remedy for the loss occasioned by the wilful and malicious acts of a party, in causing the destruction of a building by tearing it down, and to deny a similar remedy, when it was destroyed by fire, it was competent for them to do so ; but no good reason can be seen for the distinction ; and we cannot presume, that such was the design, unless it is so expressly provided, or unless it results from a proper construction of the statutes, which appertain to the subject.

The statute under which this suit is sought to be maintained, provides a punishment for the wilful and malicious destruction of a building, without any restriction or limitation. If there was no other punishment prescribed for such a crime, it could not be doubted, that an indictment therefor, under this

Thayer v. Boyle.

provision, could be supported, provided the requisite proof should be adduced, although the destruction should be caused through the agency of fire, instead of some other instrument. The statute on the subject of malicious mischief is more general than that on the subject of arson. Many degrees of malicious mischief, which are designed to be visited with punishment, are embraced in the chapter which treats of that matter; but there may be many cases which may fall within the legal meaning of the term malicious mischief, and still be so elevated in the scale of crime, that something more than the penalty there provided, should be inflicted. Because a person may be punished, on conviction, for the crime of burning a building, when indicted for arson, it does not follow by any means, that he might not be indicted, tried, convicted and punished for the destruction of that building, upon the same facts, under a prosecution by the authority of the statute " of malicious mischief," &c. It cannot be supposed, that the Legislature intended that it should be excluded from the operation of this statute, because it is treated in another statute, more specifically as a crime of greater magnitude, and may be punished as such.

The cases are numerous, where a person is indicted for a crime, inferior in grade to that, of which the proof may show him to be guilty. The murderer, in fact, may be called upon to answer only for the crime of manslaughter. One guilty of an assault and battery with a felonious intent, may be charged only with the offence of assault and battery. In the statute on the subject of malicious mischief, sect. 9, a prosecution may be instituted against a person for trespass, in wilfully carrying away timber and wood from the land of another, when an indictment for larceny might be sustained for the same acts by virtue of another statute. One indicted for an offence clearly created by the statute, cannot claim an acquittal, because the same facts relied upon in support of the charge would authorize a prosecution for a crime of greater enormity. No person can be twice put in jeopardy for the same offence;

and a judgment on an indictment or complaint of a lower or higher grade, would be a bar to a second prosecution for the same acts.

2. Whatever the law in England may be or have been upon the question, how far a party who has suffered by the crime of another is precluded from seeking a remedy by a civil action, until after the offender has been brought to trial on a criminal charge, in this State and in Massachusetts, the principle contended for by the defendant's counsel, has never been extended beyond cases of alleged robbery or larceny. *Boardman* v. *Gore & al.,* 15 Mass. 331; *Boody* v. *Keating,* 4 Greenl. 164; *Crowell* v. *Merrick,* 19 Maine, 392.

But the Legislature having provided a remedy in civil suits under the statute, which we have considered, the doctrine of merger cannot be applicable to this case, even if it could have been before the enactment of the statute.

3. Was it competent for the defendant to introduce evidence of his general good character at the trial? The doctrine seems to be well settled that such evidence is inadmissible in civil suits. "In civil proceedings, unless the character of the party be put directly in issue by the nature of the proceeding, evidence of his character is not generally admissible." 2 Stark. Ev. 366. "The character of the parties is immaterial, excepting in actions for slander, seduction, or the like, where it is necessarily involved in the nature of the action." 2 Greenl. Ev. § 269. In the case of the *Attorney General* v. *Bowman,* 2 B. & P. 352, note (a), which was an information against the defendant for keeping false weights, and for attempting to corrupt an officer, Eyre, Ch. Baron, said, " I cannot admit this evidence in a civil suit."

In the case of *Ruan* v. *Perry,* 3 Caines, 120, such evidence was admitted, and it was said by the Court, " that in actions of tort, and especially charging the defendant with gross depravity and fraud, upon circumstances merely, as was the case here, evidence of uniform integrity and good character is oftentimes the only testimony, which a defendant can

Thayer v. Boyle.

oppose to suspicious circumstances." But in *Fowler* v. *Ætna Fire Ins. Co.*, 6 Cowen, 673, the same Court say, " the rule in England is this, that in a direct prosecution for a crime, such evidence is admissible, but where the prosecution is not directly for the crime, but for the penalty, it is not." They remark further, " If such evidence is admissible here, it will be proper in every case, where unfair practices are alleged. A specific fraud is charged, that must be met upon its own merits, unless supported only by circumstances; as in the case of *Ruan* v. *Perry*, where a naval officer was charged with gross fraud and collusion with a foreign officer upon slight circumstances. If such evidence is proper, then a person may screen himself from the punishment due to fraudulent conduct, till his character becomes bad. Such a rule of evidence would be extremely dangerous. Every man must be answerable for every improper act; and the character of every transaction, must be ascertained by its own circumstances, and not by the character of the parties."

4. The evidence offered of the intemperate habits of one of the plaintiff's witnesses, was properly excluded. Evidence of this kind has never been held competent here, where the impeachment of the character of a witness has been confined to his general reputation for truth.

5. The jury were instructed, that in examining the case, they should decide upon the balance of testimony, as in other civil cases; and that the defendant was not entitled to a verdict, upon merely raising a reasonable doubt, as would be the case in a criminal prosecution.

" By *satisfactory evidence*, which is sometimes called *sufficient evidence*, is intended that amount of proof, which ordinarily satisfies an unprejudiced mind, beyond a reasonable doubt." 1 Greenl. Ev. § 2. " The measure of proof sufficient to warrant the verdict of a jury varies much according to the nature of the case. Evidence, which satisfies the minds of the jury of the truth of the fact in dispute, to the entire exclusion of every reasonable doubt, constitutes full proof of the fact." 1 Stark. Ev. 450.

The fullest amount of direct evidence cannot produce any thing like the result of mathematical demonstration. The witnesses may be corrupt or mistaken. A high degree of probability, which amounts in the opinion of the jury to a moral certainty, is the most which can be obtained through human testimony. " From the highest degree, it may decline by an infinite number of gradations, until it produces in the mind nothing more than a mere preponderance of assent in favor of the particular fact."

In criminal cases a verdict of conviction cannot be rendered, unless the guilt is fully established in the minds of the jury. Neither a preponderance of evidence, nor any weight of preponderance of evidence, can properly authorize them to pronounce a verdict of guilty against the accused, unless it is sufficient to exclude all reasonable doubt. But in civil cases, " where the right is dubious and the claims of the contesting parties are supported by evidence nearly equipoised, a mere preponderance of evidence on either side, may be sufficient to turn the scale." This happens, as it seems, where no presumption of law, or *prima facie* right, operates in favor of either party. An example of this kind found in the books, is in a dispute between the owners of contiguous estates, whether a particular tree, standing near the boundary, is upon the land of one or the other.

In civil controversies, " a mere preponderance of evidence, such as would induce a jury to incline to one side rather than to the other, is frequently insufficient. It would be so in all cases, where it fell short of fully disproving a legal right once admitted or established, or of rebutting a presumption of law."

Where one claims as devisee against the heir, full proof of the devise is essential. " The title of an heir at law is not to be defeated by conjecture, ambiguity or uncertainty; and even where there is proof of a will having existed, the Court cannot go into conjecture, what it is probable the testator may have done by that will, but it must be shown to contain an actual, express devise, which disinherits the heir." *Harwood* v. *Goodright,* Cowper, 87, by Lord Mansfield.

One attempting to charge another with a debt, must do so by full and satisfactory proof. And where a debt has been proved by competent evidence, the debtor, in order to be discharged, must offer full proof of satisfaction. The law presumes every man to be innocent of a crime, till his guilt is proved. 1 Stark. Ev. 452.

The case of *Oliver* v. *Gibson*, decided by this Court in 1847 in the county of Penobscot, was a suit under the Rev. Stat. chap. 148, sect. 47, for wilfully disclosing falsely as a debtor, who had given a bond to his creditor upon arrest on execution. It was held, that the jury could not return a verdict in favor of the plaintiff, unless the evidence of false swearing in the disclosure was such as is required on the trial of a person indicted for perjury, although the jury may have been satisfied, without such amount of evidence, that the defendant was guilty.

The defendant was charged with having wilfully and maliciously done acts constituting an aggravated offence against society and the laws of the land. If prosecuted criminally, he was exposed to be deprived of his liberty. If held responsible in this form of prosecution, the penalty in way of damages, is a sum equal to three times the value of the property destroyed. The effect upon his reputation and standing in the community by a recovery in this case, would be perhaps very little less than upon conviction for the same on indictment. Until legally proved guilty to the satisfaction of a jury, he is shielded by the presumption of innocence. This protection cannot be taken away, by evidence establishing only a probability of guilt, however strong that probability may be, if it amounts to nothing more. A preponderance of proof, which does not satisfy the mind, can be nothing further than to render the fact in controversy, probable. To dislodge the presumption of innocence, the plaintiff was bound to satisfy the jury of the truth of the charge. We have seen, that this was not done so long as a reasonable doubt remained in their minds. On this branch of the case, the instructions were not so favorable as the defendant had a right to require.

*Exceptions sustained.*