## STATE OF MINNESOTA VS. CORNELIUS DINEEN.

An indictment under *chap.* 41, *Sess. Laws* 1864, which properly charges the assault with intent to do great bodily harm, and states further a striking, beating, and wounding of the party assailed, does not charge two offences.

A stone may or may not be a dangerous weapon, depending upon its size and other circumstances.

An indictment under the statute alleged that the defendant "being armed with a dangerous weapon, to wit : a large heavy stone, did make an assault," &c. *Held*—That the allegation was sufficient.

The arming must take place prior to the assault, but may be at the place of the assault or elsewhere.

If the arming take place prior to the assault charged, it matters not that the defendant was engaged in a general affray or riot, at the time of the assault.

When two felonies are proved one does not merge in the other.

In reference to the intent of the defendant in arming, the Court charged that "if the acts and conduct of the defendant were wrongful and purposely done, the felonious intent may be inferred ; a person is presumed to intend what he does, and the jury are left to judge of the intent of the party as the same may be disclosed by all the surrounding circumstances ;" and in a subsequent portion of the charge, with reference to the intent charged in the indictment, gave the law upon this subject to the jury fully and with a careful regard to the rights of the defendant. *Held*—There was no error.

The defendant requested the Court to charge " that if the jury find from the evidence that at the time and place and in the presence and midst of the disturb-

ance spoken of by the witnesses, the defendant on a sudden and in the heat of a momentary excitement picked from the ground a stone or rock with which he was not previously armed, and struck the blow sworn to, then he is not guilty of the offence charged in the indictment." The Court refused so to charge, and charged that the request was too broad, but that such circumstances might be considered by the jury in determining the question of intent, and gave to the jury the law on the subject of intent. *Held*—There was no error.

The defendant requested the Court to charge "that if the jury find that any persons to the number of twelve or more, any of whom were armed with dangerous weapons, were riotously or tumultuously assembled at the time of the occurrence, and that this was one of the acts then and there committed, then the crime was riot, and that the defendant cannot even be convicted of an assault, but must be acquitted." The Court refused so to charge. *Held*—There was no error.

The Court charged the jury that the defendant was presumed innocent until he was proved guilty, that the burthen of proof rested upon the prosecution to establish by competent proof all the material facts alleged in the indictment, of which the criminal intent was one. That it was not merely sufficient that this be done by a preponderance of proof as in civil cases, but the case must be clearly made out to the satisfaction of the jury ; that in order to convict, the jury must be satisfied beyond a reasonable doubt ; that this does not require unreasonable or impracticable things at the hands of the prosecution, nor absolute certainty ; but the jury should be satisfied as reasonable men so that they would be willing to act upon it in matters of great importance to themselves. The defendant excepted to the last clause of the charge. *Held*—That the last clause qualified all that preceded it, and did not go to the extent of the settled rule ; "matters of great importance," &c., should have been "matters of the greatest importance," &c.

The defendant was indicted in the Hennepin County District Court, for an assault with intent to do great bodily harm, being armed with a dangerous weapon. After the trial, at the request of the defendant, the Judge of the Court below reported the case to the Supreme Court, for its decision of certain questions of law arising upon the trial. A sufficient statement of the case appears in the opinion of the Court.

WILLIAM LOCHREN for Appellant.

G. E. COLE, ATTORNEY GENERAL, for Respondent.

I.—The indictment is not bad for duplicity. The section cited is not the law. The existing law on the subject of demurrers for duplicity will be found—*sec.* 133, *p.* 28, *Amend. to R. S.; Com. vs. Tuck.*, 20 *Pick.*, 360; *Com. vs. Eaton*, 15 *Pick.*, 273; *The State vs. Ayer*, 3 *Fos.*, 317.

II.—Whether or not a weapon is dangerous depends upon the manner of using it, and the subject upon which it is used. *Wharton's Cr. Law*, 3944; *Roscoe's Cr. Ev.*, 769; *Russell on Cr.*, 120, and whether, under all the circumstances, the weapon used was a dangerous one, was a question for the jury. *Com. vs. Drew*, 4 *Mass.*, 391, 396.

The construction placed by the counsel upon the term " danger-ous weapon," as used in *Chap.* 41, *Laws of* 1864, and the object of the passage of that Act, is erroneous. *Sec.* 18, *p.* 742 provides for the case to which he alludes. The words as there used prob-ably have the restricted operation for which he contends.

III.—Persons indicted for an assault and battery cannot be ac-quitted because the proof shows that they were guilty of a riot. *Wharton's Cr. Law*, 1261.

IV.—The English Game Statutes have no analogy to the stat-tue in question here. The offence under those statutes consisted in the unlawful entry of lands, being armed, &c., and it was very properly held that the parties entering must have been armed at the time of entry, here being armed at the time of the assault is sufficient. 1 *Roscoe's Cr. Ev.*, 536.

V.—The charge that if the acts were wrongful and purposely done, a felonious intent might be inferred, was correct. It only gave to the jury the established doctrine that a party is presumed to intend the natural consequences of his acts, that a felonious in-tent need not be specifically proved, but is to be inferred from the nature of the acts shown to have been committed. *Wharton's Cr. Law*, 712.

VI.—The explanation of the term "reasonable doubt," that it " would be sufficient if the jury were satisfied as reasonable men,

so that they would be willing to act upon the evidence in matters of great importance to themselves," was correct.   They could not be satisfied as reasonable men, unless the charge was proved beyond a reasonable doubt.   The rule laid down by Mr. Greenleaf in the first volume of his work on evidence, is not as the counsel contends, confined to civil actions, but on the contrary, has no application to civil actions, and is exclusively applicable to criminal prosecutions.   In civil actions the jury need not be satisfied, but may decide upon a mere preponderance of evidence.  1 *Greenl. on Ev.*, *Sec.* 2.

This rule was adopted by the Court and given to the jury, and taken in connection with the entire charge on this point, was strictly correct.

*By the Court*—McMILLAN, J.—The indictment in this case is framed under the first section of *Chap.* 41, *Session Laws*, 1864, which is in the following language :   "If any person, being armed with a dangerous weapon, shall assault another with intent to do great bodily harm, he shall be punished by fine," &c.

The indictment charges that the defendant on the 8th of November, 1864, at Minneapolis, in Hennepin County, being armed with a dangerous weapon, to-wit : a large heavy stone, did make an assault upon one George A. Brackett with intent to do him great bodily harm, and then and there with the said stone, which he the said Cornelius Dineen then and there had and held in his hand, &c., did strike, beat and wound the said Brackett upon his head, &c.   The defendant demurred to the indictment and raises two objections in support of the demurrer :

1. Duplicity in charging two offences.

2. That the facts stated constitute a simple assault and battery which is not indictable.

The indictment certainly charges the assault with intent to do great bodily harm, which is the statutory offense ; the fac   that it states the beating and wounding cannot vitiate the indictmet, it is mere surplusage.  *Commonwealth vs. Tucker*, 20 *Pick.*, 360 ; *State vs. Ayer*, 3 *Foster*, 317 ; *Commonwealth vs. Eaton*, 15

*Pick.*, 273; *Stooks et al. vs. The Commonwealth*, 7 *S. & R.*, 499.

The ground of the second objection is that a stone is not a dangerous weapon within the meaning of the statute.

A dangerous weapon is one likely to produce death or great bodily harm. A stone may or may not be a dangerous weapon, depending upon its size and other circumstances. A large heavy stone in the hands of a man intending to do great bodily harm is likely.to produce that result. We. think the allegation is sufficient. 1 *Rus. on Cr.*, 473, (5*th Am. Ed.*)

The cause having been tried, at the close of the testimony the defendant's counsel submitted several propositions, which he requested the Court to give in charge to the jury.

First—That a stone or rock in the hands of a person is not of itself what the law denominates a dangerous weapon, but its character depends upon the circumstances attending its use. The Court so charged, but charged further in this connection: "That a person having and using a stone or rock, may or may not be said to be armed with a dangerous weapon under the statute, according to the size and description thereof, and the manner in which it is seized, held and used and the peculiar circumstances of each case." *Offensive* and *dangerous* weapons would seem to be synonymous terms. 1 *Rus. on Cr.*, 118; 1 *Bishop's Cr. Law, Sec.* 200.

The intention of the Court in this portion of the charge, we infer, was to instruct the jury as to what constitutes a dangerous weapon, not what constitutes an arming with such weapon. In this wise we are unable to see that the instruction excepted to is anything more than an elaboration of the request submitted by the defendant's counsel. All the characteristics mentioned by the Court, are embraced in "the circumstances attending its use" as stated in the request, and are proper to be considered in determining the character of the weapon. 1 *Rus. on Cr.*, 473, (5*th Am. Ed.*); *Roscoe's Cr. Ed.*, 558–9.

The second request submitted was as follows: "That in order to convict the defendant of the offence charged in the indictment the jury must find that the defendant brought the stone from some other place to the place of the affray." The Court refused so to

charge and the defendant excepted.   In this connection the Court charged the jury as follows :   "In reference to the weapon, if the circumstances are such as to satisfy you that the defendant seized and used a stone of sufficient size and character with the intent to use it for the purpose of offence, I charge you it is sufficient on this point."

The third request was as follows :   "That if the jury find that the defendant picked up the stone at the place of the affray and while it was going on and suddenly struck the defendant therewith, that he is not guilty of the offence charged."   The Court refused so to charge and the defendant excepted.   In connection with this request the Court charged, "That if the jury find that the defendant was armed with a stone before the assault upon Brackett, or any melee between himself and Brackett, it is immaterial that he took the weapon, as a gun or pistol from a friend, or a stone from the ground, provided such taking of the weapon was prior to the acts constituting the alleged assault and injuries, and provided, the circumstances showed the criminal intent."

The substance of the charge upon these two requests is that to constitute an arming within this statute, the defendant must have taken the weapon with the intention of using it for offensive purposes, and that to constitute the offence charged this arming must have taken place prior to the assault, but may have been at the place of the assault or elsewhere.

Whether it is necessary that the weapon should have been taken with the intention of using it for offensive purposes, may perhaps admit of doubt, and as the charge in this respect is favorable to the defendant and this question is not raised here, we need not stop to consider it.   But the remaining portion of the charge, we think, is clearly correct.   The place of arming is not material. The English statutes and decisions thereunder, cited by the counsel for the defendant, are not analogous on this point.   As to the time of being armed it is only necessary under this statute that it precede the assault.

The fifth proposition is as follows :   "That to convict the defendant of the crime charged in the indictment, the jury must

find that the defendant before engaging in the affray had armed himself with the stone used, with the intent to commit an assault therewith on Brackett or some person."

The Court charged the jury that if the word "affray" in the request be understood as confined to the encounter between the defendant and Brackett, then the request would be correct. But if the word "affray" was used in a more general sense, and applied to a general disturbance going on at the time, then the request was not law and was refused. The Court here distinctly informs the jury that the arming of the defendant must have been prior to any encounter between himself and Brackett.

The fact that the defendant may have been engaged in the commission of an affray cannot in itself be a justification or excuse for any offence he may have committed. The same acts may constitute or be parts of different offences. The offence of riot is entirely distinct from the offence created by this statute, yet it is evident that a party engaged in the commission of a riot may as a part of the riotous proceedings, assault another with intent to do him great bodily harm. And the fact that the evidence shows the defendant was guilty of both offences is not a defence to either. Both offences by our statutes are felonies, and there can in no event be a merger of one in the other. 2 *Rus. on Cr.*, 432. There was in this instance a personal encounter between the defendant and Brackett, then if at all the assault charged was committed by the defendant, and if the arming by the defendant took place prior to this encounter it is sufficient. The instruction of the Court with respect to the intent of the defendant in arming, is the same as before noticed, and is at least favorable to the defendant.

The Court further charged the jury in connection with this request, "But if the acts and conduct of the defendant were wrongful and purposely done, the felonious intent may be inferred; a person is presumed to intend what he does and the jury are left to judge of the intent of the party, as the same may be disclosed by all the surrounding circumstances."

It would perhaps have been somewhat more accurate to have
vol. x.—53

used the word *criminal* instead of *felonious* in this instance. The instruction given was in response to the fifth request, and necessarily refers to the intent therein mentioned, namely, the intent in arming. This question of intent as we have remarked is doubtful, and certainly the intent mentioned need only have been a criminal and not a felonious intent as technically understood. And in any event we cannot see that any injury could have resulted to the defendant, for in a subsequent portion of the charge with reference to the intent charged in the indictment, the law upon this subject is fully laid down with a careful regard to the rights of the defendant.

The sixth request is as follows: "That if the jury find from the evidence that at the time and place and in the presence and midst of the disturbance spoken of by the witnesses, the defendant on a sudden and in the heat of a momentary excitement picked from the ground a stone or rock with which he was not previously armed and struck the blow sworn to, then he is not guilty of the offence charged in the indictment." The Court refused so to charge and the defendant excepted. The Court charged the jury in connection with this refusal, "that the request was too broad, but that such circumstances might be considered by the jury in determining the question of intent, but the Court would not take from the jury the determination of that question; that the jury were the exclusive judges of the fact. That the criminal intent might be shown by direct evidence, such as threats, acts of preparation, &c., or it might be implied from the act itself when such act was in itself criminal, intentionally done and without just cause or excuse, and it was for the jury to say whether there were circumstances of excitement, provocation or excuse such as to throw doubt on this question." To this charge the defendant excepted. We see no error in the charge. If this were an indictment for assault with intent to murder the proposition submitted might perhaps be correct, for in that case the act must be such that if it had resulted in the death of the party assailed, the crime would have been murder in the first degree under our statute; but on an indictment under this statute that is not the case.

Suppose instead of a stone, a party under the circumstances stated in the request, should seize a gun from a bystander and shoot and seriously wound another, can there be any doubt that he would be guilty of the offence charged in the indictment? Yet there is no difference in principle between the case supposed and that under consideration; the weapon is a dangerous weapon in either case. And while from the character of the weapon the presumption in fact as to intent may be stronger in some cases than others, yet it exists in all cases where the assailant is armed with a dangerous weapon. There is nothing in the circumstances stated in the request which at all precludes, or is inconsistent with the existence of an intent to do great bodily harm. But the Court correctly stated that these circumstances were proper for the consideration of the jury in determining the intent.

The seventh request is as follows: "That it is incumbent on the prosecution to prove beyond a reasonable doubt that the defendant armed himself with a stone before he became engaged in the riot or disturbance, and that if the jury have a reasonable doubt on this point, they cannot find the defendant guilty of the charge laid in the indictment." The Court refused so to charge and the defendant excepted. The Court charged in this connection, "That the Court would not limit the power of the jury to find as to the question of intent upon the evidence, subject to what the Court charged in reference to the facts necessary to constitute the offence charged, and the definition of intent given by the Court; but that the jury are directed to take the facts as they existed into consideration in coming to a conclusion in reference to the question." The defendant excepted. This is necessarily disposed of by the view we have taken of that portion of the charge, relating to this subject under the fifth request submitted.

The eighth request was as follows: "That if the jury find that any persons to the number of twelve or more, any of whom were armed with dangerous weapons, were riotously or tumultuously assembled at the time of the occurrence, and that this was one of the acts then and there committed, then the crime committed was not and the defendant cannot even be convicted of an assault, but

must be acquitted." The Court refused so to charge and the defendant excepted.

From the view we have taken of this question in a former part of this opinion, it follows that the refusal of the Court to charge this request was correct.

The Court further charged the jury that "The defendant was presumed innocent until he was proved guilty ; that the burthen of proof rested upon the prosecution to establish by competent proof all the material facts alleged in the indictment, of which, the criminal intent was one. That it was not merely sufficient that this be done by a preponderance of proof as in civil cases, but the case must be clearly made out to the satisfaction of the jury. That in order to convict, the jury must be satisfied beyond a reasonable doubt. That this does not require unreasonable or impracticable things at the hands of the prosecution, nor absolute certainty ; but the jury should be satisfied as reasonable men, so that they would be willing to act upon it as in matters of great importance to themselves." To this last clause of the charge the defendant excepted. The charge on this subject must be taken together.

The rule of law upon this subject is thus laid down by Greenleaf : "By satisfactory evidence which is sometimes called sufficient evidence, is intended that amount of proof which ordinarily satisfies an unprejudiced mind beyond a reasonable doubt. The circumstances which will amount to this degree of proof can never be previously defined ; the only legal test of which they are susceptible, is their sufficiency to satisfy the mind and conscience of a common man ; and so to convince him that he would venture to act upon this conviction in matters of the highest concern and importance to his own interest." 1 *Greenl. Ev.*, *Sec.* 2 ; 1 *Stark. Ev.*, *page* 577.

This we consider the well settled rule applicable to all criminal cases whatever charge may be involved. In actions of this nature the life, liberty or character of the defendant is at stake. These are all matters of the highest importance, and are guarded by the law with jealous care. The same rule, therefore, is appli-

State of Minnesota v. Dineen.

cable in this case that would be applied if the offence charged was murder. If the last clause of this portion of the charge had been omitted it would perhaps have been unexceptionable, but this clause we think qualifies all that precedes it. The limitations of the charge are substantially that unreasonable and impracticable things are not required of the prosecution, nor need the proof amount to absolute certainty ; on the other hand it must not be a mere preponderance of evidence. But within these limits any degree. of proof upon which as reasonable men they would act in matters of great importance to themselves would be sufficient. Men may and do act in matters of great importance to themselves upon strong probabilities, and without that degree of proof which convinces the mind and conscience. But it would be unreasonable for men in matters of the highest concern and importance to them to act without a conviction of the truth of the evidence and correctness of the result upon which they base their action. Under this charge the preponderance of proof might be so great as to produce a strong probability of the defendant's guilt, such a probability as men would act upon in matters of great importance, and yet not convince the minds and consciences of the jury beyond a reasonable doubt of the guilt of the defendant. "In all criminal cases whatsoever it is essential to a verdict of condemnation, that the guilt of the accused should be fully proved; neither a mere preponderance of evidence nor any weight of preponderant evidence is sufficient unless it generate full belief of the fact to the exclusion of all reasonable doubt." 1 *Stark. Ev.*, *page* 543.

We think the charge as given did not go to the full extent of the rule as settled by authorities. A new trial must therefore be granted.