## WALKER et al. v. COLLINS et al.

(Circuit Court of Appeals, Eighth Circuit. December 4, 1893.)

### No. 325.

1. FOLLOWING PRACTICE IN STATE COURTS—DEPOSITIONS.

A state statute requiring every deposition intended to be read on the trial to be filed at least one day before the day of trial does not apply in the federal courts.

2. WRONGFUL ATTACHMENT—EVIDENCE—REPLEVIN.

A stock of goods purchased for $6,000 was attached as the property of the seller, but, after some of them had been disposed of, the remainder were replevied by the purchaser, who made affidavit that they were worth $6,000. *Held*, that in a subsequent action brought by him for wrongful attachment this affidavit was not admissible to show that he had lost nothing by the conversion of part of the goods.

3. APPEAL—OBJECTIONS NOT RAISED BELOW—DOCUMENTARY EVIDENCE.

A party who offered a document in evidence for a purpose for which it was incompetent cannot on appeal insist that the court erred in not admitting it for a different purpose. Insurance Co. v. Frederick, 58 Fed. 144, followed.

4. SAME—HARMLESS ERROR—INSTRUCTIONS.

In an action against a sheriff and his deputies, a statement in the charge that defendants admitted taking the goods and converting part of them to their own use is no ground for reversal, though one defendant denied having anything to do with the taking, when it appears that all were concerned therein, and that the case was tried on the theory that, if any of the defendants were liable, all were.

5. INSTRUCTIONS—MISTAKE OF FACT—EXCEPTIONS.

Mistake in a statement of fact should be called to the court's attention at the time, and, if not then corrected, exception should be taken directly to such statement, and not to the entire instruction in which it is included.

6. SAME—FRAUD.

There is no error in charging that fraud is never presumed, and must be shown by "satisfactory proof, i. e. proof to the satisfaction of the jury."

In Error to the Circuit Court of the United States for the District of Kansas.

At Law. Action by E. Collins and W. H. Bretch, trading as Collins & Bretch, against R. L. Walker, James McMurray, Charles Howard, and A. J. Partridge, to recover damages for wrongful attachment. A former trial resulted in a judgment for plaintiffs, which was reversed by this court. 1 C. C. A. 642, 50 Fed. 737, 4 U. S. App. 406. On the second trial verdict and judgment were again rendered for plaintiffs, and defendants bring error. Affirmed.

W. E. Brown, for plaintiffs in error.

C. S. Bowman and Charles Bucher, for defendants in error.

Before CALDWELL and SANBORN, Circuit Judges.

CALDWELL, Circuit Judge. This is the second appearance of this case in this court. It was before the court at the May term, 1892, and reference is made to the opinion then delivered (4 U. S. App. 406, 1 C. C. A. 642, 50 Fed. 737,) for a full statement of the case. Upon the second trial in the lower court, Collins & Bretch,

the plaintiffs in that court, recovered judgment, and the defendants thereupon sued out this writ of error.

It is assigned for error that the lower court permitted a deposition of a witness to be read in evidence which had not been on file one day before the day of trial. This assignment of error is rested on paragraph 4456, Gen. St., (section 361 of the Civil Code of Kansas,) which provides that "every deposition intended to be read in evidence on the trial must be filed at least one day before the day of trial." The deposition was taken and returned into court under the provisions of sections 863--865 of the Revised Statutes of the United States. A deposition taken under the provisions of these sections may be read at any time after it is filed and opened. The section of the Kansas Code quoted does not apply to depositions taken, under the act of congress, to be used in the federal courts. Moreover the time that must elapse before a deposition can be read which has been duly taken and filed in the federal court is so purely a matter relating to the orderly and convenient conduct of the business of the court that a rule established by a state statute regulating the practice on the subject in the state court can have no application to the federal courts, and the act of congress adopting the state practice "as near as may be" does not adopt such a rule. The codes of practice in some of the states descend into great detail, and prescribe the names and number of the court dockets, and direct how the cases shall be entered thereon, and prescribe the time and order in which the cases shall be called for trial, and require the court to devote a certain part of each day of the term to a particular kind of business, and contain other requirements of like character. See Mansf. Dig. Ark. §§ 5111--5124. The section of the Code of Kansas under consideration belongs to this class of rules. The constitution of the United States circuit court is such that the rules regulating in detail the time and mode of conducting the business in a state court are not applicable to that court. As to such rules and regulations the act of congress adopting the state practice is not mandatory. This section of the Kansas Code stands on the same footing with state statutes which prescribe the time and mode of charging juries, and the papers which shall be permitted to go to them in their retirement, and statutes which make it the duty of the court to require the jury to answer special interrogatories and other like requirements, all of which have been held to be inapplicable to the federal courts. Nudd v. Burrows, 91 U. S. 426; Railroad Co. v. Horst, 93 U. S. 291; Association v. Barry, 131 U. S. 100, 120, 9 Sup. Ct. 755; O'Connell v. Reed, 5 C. C. A. 586, 56 Fed. 531.

The defendants offered to introduce in evidence a copy of an affidavit made and filed in the state court by one of the plaintiffs to procure a writ of replevin for the goods in controversy. The court excluded the paper, and this ruling is assigned for error. Waiving any consideration of the question whether the copy offered in evidence was properly proved or authenticated, the ruling of the court was clearly right on other grounds. The plaintiffs purchased a stock of goods from one Cannon, for $6,000. The defend-

ants afterward seized the goods on a writ of attachment as the property of Cannon. After a portion of the goods had been disposed of, the plaintiffs replevied the remainder, alleging in the affidavit to procure the writ of replevin that the goods were worth $6,000. The defendants contended that, as the plaintiffs recovered the goods sued for in the replevin suit, and these goods were alleged to be worth $6,000 in the affidavit filed to procure the writ of replevin, and the plaintiffs had only paid $6,000 for the whole stock, they had lost nothing by the marshal taking and disposing of a part of their goods; and it was solely to support 'his contention that the affidavit was offered in evidence. The bill of exceptions states that the affidavit was offered in evidence "for the purpose of showing that in the replevin suit against the sheriff plaintiffs had recovered from the sheriff the goods left by the defendants in the store at Newton; that these goods were worth $6,000, the full amount of the purchase price of the whole stock paid by plaintiffs to Cannon; that, therefore, plaintiffs had lost nothing by the defendants taking what they took in this case; and that, as against the attaching creditors whom the defendants represented in this case, the plaintiffs could not recover the goods in question in this action." It is scarcely necessary to say that the affidavit could not be received in evidence for any such purpose, and it was offered for no other. The plaintiffs were entitled to the benefit of their bargain, and, if the goods they purchased were worth more than $6,000, it is not perceived upon what principle the marshal and his deputies could take the excess over $6,000, and claim the plaintiffs were remediless because they only paid that sum for the whole stock of goods.

Other grounds for the admission of the affidavit are urged for the first time in this court. We held in the case of Insurance Co. v. Frederick, 58 Fed. 144, that when a party states to the trial court the purpose for which a document is offered in evidence, and it is incompetent for that purpose, the party will not be permitted to change his ground in the appellate court, and insist that the lower court erred in not admitting it for a purpose not disclosed to that court, and upon which its judgment was not invoked. We may add that an examination of the record shows that, even if the affidavit was admissible in evidence, it was, in view of other evidence, and the conceded facts in the case, not of sufficient importance to justify our reversing the judgment on account of its exclusion.

To an instruction comprising two-thirds of a printed page, and containing a statement of the pleadings and issues in the case, the defendants entered a general exception. The instruction excepted to begins with the statement that the "defendants admit that they took possession of the stock of goods, and appropriated and converted a portion thereof to their own use. * · * *" In this court it is said that all of the defendants did not make this admission, but that one of them denied that he had anything to do with taking the goods. The defendants were the marshal and his deputies. They all had more or less to do with the service and execution of the writ of attachment upon which the goods were seized, and it

is obvious from an examination of the record that the case was tried upon the understanding and theory that all the defendants were liable, if any of them were. Furthermore, if the statement of the judge as to the admission of the defendants in the particular mentioned was not well founded in fact, they should have called the court's attention to the error at the time, and, if it was not corrected, should have leveled their exception distinctly at that statement in the charge. Railway Co. v. Johnson, 10 U. S. App. 629, 4 C. C. A. 447, 54 Fed. 474; Railroad Co. v. Varnell, 98 U. S. 479.

The court charged the jury that—

"Parties to a business transaction are not presumed, however, to deal with each other in bad faith, but, on the contrary, are presumed to deal honestly and in good faith until the opposite is shown by the evidence upon the trial; and any one who alleges that such acts are done in bad faith, or for a dishonest and fraudulent purpose, takes upon himself the burden of showing that such is the case. In other words, fraud is never presumed, and it devolves upon him who alleges fraud to show the same by satisfactory proof, i. e. proof to the satisfaction of the jury."

The defendants excepted generally to this charge, and in this court limit the exception to the last clause of the charge, which states that "it devolves upon him who alleges fraud to show the same by satisfactory proof, i. e. proof to the satisfaction of the jury." The objection to the charge is that the court should have told the jury that fraud may be established by a preponderance of the evidence, and not that it must be established by "satisfactory proof, i. e. proof to the satisfaction of the jury." The charge is taken almost literally from the opinion of the supreme court of the United States in the case of Jones v. Simpson, 116 U. S. 609, 615, 6 Sup. Ct. 538. In that case the court said: "It devolves on him who alleges fraud to show the same by satisfactory proof."

In Hatch v. Bayley, 12 Cush. 30, the trial court instructed the jury—

"That it was necessary that the defendant should adduce stronger proof, to establish fraud, etc., than is necessary to prove a debt or a sale; that the presumption was that every man conducted honestly without fraud; and when fraud was alleged the proof must not only be sufficient to establish an innocent act, but to overcome the presumption of honesty."

Considering an exception to these remarks of the trial judge, the supreme judicial court of Massachusetts, speaking by Chief Justice Shaw, said:

"As we understand them, the judge intended to say that he who alleges fraud against another is bound to prove it; that every man is presumed to act honestly until the contrary is proved; that he who charges another with an act involving moral turpitude or legal delinquency must prove it; that, as this is an allegation against a presumption of fact, it requires somewhat more evidence than if no presumption existed. It carried no direction as to the amount of evidence required, or as to the nature of the evidence, whether positive or circumstantial, but only that, on the whole, it must be somewhat stronger; and we cannot perceive that such a direction is incorrect. The ordinary direction to the jury is that he who charges fraud must prove it to the satisfaction of the jury. We think it not contrary to any rule or principle of law for the judge to inform the jury that, as the charge of fraud is a charge against a presumption of fact, perhaps often a slight one, yet the jury,

in order to be satisfied, might require somewhat stronger evidence than would suffice to prove the acknowledgment of an obligation, or the delivery of a chattel."

This case is cited approvingly by the supreme court of the United States in Jones v. Simpson, supra. And to the same effect are the following authorities: Greer v. Caldwell, 14 Ga. 207; Bierer's Appeal, 92 Pa. St. 265; Babbitt v. Dotten, 14 Fed. 19; Lynn v. Railroad Co., 60 Md. 413; Bigelow, Frauds, pp. 123, 145; 2 Rice, Ev. p. 953; Fick v. Mulholland, (Wis.) 4 N. W. 528.

In Bouvier's Law Dictionary (14th Ed.) the term "satisfactory evidence" is defined to be "that evidence which is sufficient to produce a belief that the thing is true; in other words it is credible evidence." The Century Dictionary defines "satisfactory evidence or sufficient evidence" to be "such evidence as in amount is adequate to justify the court or jury in adopting the conclusion in support of which it is adduced." No better definition of these terms can be given, and it was in this sense, presumably, that the jury understood them.

A separate examination of the other exceptions is not necessary, as none of them is of any general importance. They have all been examined carefully, and we are satisfied that none of them has any merit.

Finding no error in the record, the judgment below is affirmed.