J. L. Williams & Sons, Inc., *v.* Smith.

4-7042 170 S. W. 2d 82

Opinion delivered April 5, 1943.

*M. J. Harrison,* for appellant.

*Sid J. Reid,* for appellee.

Carter, J. Smith claims that, as the result of an injury arising out of his employment, he lost the sight of his left eye and is entitled to compensation therefor. The Workmen's Compensation Commission, on substantial testimony, has found as a fact, "That the accidental injury sustained by the claimant . . . did not result in loss of vision in either eye," and it denied compensation. On appeal, the circuit court, hearing the case solely on the record made before the commission, found that "the greater weight of the testimony" shows that, as a result of his injury, the claimant had lost 60 per cent. of the vision of his left eye, and entered judgment for the amount found by the court to be due for such injury. The employer and its insurance carrier have appealed.

Several doctors testified for each party. No question is raised as to the competency of any of them. There was a sharp conflict in their testimony as to whether claimant had suffered any loss of vision at all; as to the extent of the loss of vision, if any were lost; and as to whether the accidental injury could have caused any loss of vision. At the conclusion of the hearing, the commission had the claimant examined by still another eye specialist of its own choice and considered his report along with the reports of the other doctors who had made examinations at the instance of the parties. The circuit court referred to this conflict in the findings of the specialists. The court's finding was solely upon the weight of the evidence. It did not find, and on the record it could not have found, that there was not substantial evi-

dence to warrant the finding of fact of the commission. The court found otherwise purely on what the court found to be the weight of the testimony.

The question here is whether the circuit court, on an appeal from a finding of fact made on sufficient competent evidence by the Workmen's Compensation Commission, has the legal right to set aside such finding merely because, in the opinion of the court, that finding is contrary to the weight of the testimony. This court holds that the circuit court does not have such power.

In *Lundell* v. *Walker*, 204 Ark. 876, 165 S. W. 2d 600, the question now presented was not contested, but this court there stated the correct rule, as follows: "Appellants concede that findings of facts by the compensation commission are, on appeal, given the same verity that would attach to a jury's verdict, or to facts found by the judge of the circuit court where a jury was waived."

This rule applies to the circuit court on appeal from the commission, as well as to this court on appeal from the circuit court.

Section 25 (b) of Act 319 of 1939 provides for an appeal from the commission to the circuit court, directs that this appeal be heard on the record made before the commission, and then orders: "Upon appeal no additional evidence shall be heard and in the absence of fraud, the findings of fact made by the Commission within its powers shall be conclusive and binding. The court, on appeal, shall review only questions of law and may modify, reverse, remand for rehearing, or set aside the award upon any of the following grounds and no other: 1. That the Commission acted without or in excess of its powers; 2. That the award was procured by fraud; 3. That the facts found by the Commission do not support the award; 4. That there was not sufficient competent evidence in the record to warrant the making of the award."

The language of the act makes clear its meaning and intent, and this meaning and intent are emphasized by the legislative history of the act. The act was passed under the authority of Amendment No. 26 to the state constitution, which amendment was proposed by the peo-

ple, by means of an initiative petition, and was adopted in 1938. It provides, in part, that the General Assembly "shall have power to provide the means, methods, and *forum* for adjudicating" such claims as this. It can be argued that if the legislature had not provided for court review, then the courts could not have considered such cases at all, except for questions of due process under the federal constitution.

The questions of the forum for adjudicating such claims and of the scope of court review were considered by the 1939 General Assembly. It passed three bills for a workmen's compensation act, and left the choice among them to the governor. These were, House Bill 423, which was approved and became Act 319; and Senate Bill 323 and House Bill 567, which latter two were vetoed. Senate Bill 323 provided that claims under the act might be filed, in the first instance, by bringing suit in the circuit court, such suit to be tried the same as any other civil suit, and this bill expressly provided that all questions of fact were to be tried by a jury. After House Bill 423 was approved by the governor, referendum petitions were filed against it and it remained in abeyance until approved by the people at the general election in November, 1940. It thus appears that the lawmaking powers of this state, after great deliberation, have provided the commission as the forum for trying all questions of fact arising in connection with claims under this act and have made its findings conclusive and binding, in the absence of fraud, if there be sufficient competent evidence to warrant the making of the finding. It is also expressly enacted that there be no review in court except on questions of law.

This does not mean that the scintilla of evidence rule shall be applied. That rule does not apply to a review in this court of the verdict of a jury or to a review of the findings of a circuit court sitting without a jury. In such cases this court follows the rule that it is a question of law whether there is substantial evidence to warrant the verdict or finding, but that the question of the weight of the evidence is not a question of law, but is a question of fact to be settled by the trier of the facts.

The nature of the claimant's cause of action is such that he has no right to insist upon any judicial review except that which the legislature saw fit to provide. The cause of action of one claiming under the workmen's compensation act is purely statutory. The legislature could, even in the absence of the constitutional authority to provide the *forum* for adjudicating such claims, have attached to the creation of the claim the *condition* that such a claim could be enforced only before a commission whose decision on questions of fact should be final. Lord Campbell's Act (§ 1278 of Pope's Digest, formerly § 6290 of Kirby's Digest) is an example of a statutory cause of action in the creation of which the legislature made certain conditions which are a part of the cause of action itself. See *Anthony* v. *St. L., I. M. & S. Ry. Co.,* 108 Ark. 219, 157 S. W. 394, and *Earnest* v. *St. L., M. & S. E. Ry. Co.,* 87 Ark. 65, 112 S. W. 141.

In *Logan* v. *Mo. Valley B. & I. Co.,* 157 Ark. 528, 249 S. W. 21, and in *Magnolia Petroleum Co.* v. *Turner,* 188 Ark. 177, 65 S. W. 2d 1, this court has treated the compensation acts of other states as creating causes of action which can be enforced only under the conditions laid down, in the act creating the claim, as a part of the claim itself. In the last case cited, the accident occurred in Texas. Under the Texas compensation law the employee could not sue in the Texas courts. He could enforce his claim only before the Texas commission, within the time and in the manner provided by the Texas law which gave him a claim. It was held that he could not sue in Arkansas. So in the case at bar. Smith has no claim or cause of action except the one given him by statute, and the statute creating the claim provides, as part of and condition to the cause of action, that he can enforce such claim only before a commission whose findings of fact shall be final in the absence of fraud, and which findings can be reviewed only for errors of law and shall not be set aside if there be sufficient competent evidence to support them. The circuit court cannot go into the question of the weight of the evidence. The only issue confided, by the act, to its determination is whether there is sufficient evidence as a matter of law to

warrant an honest and reasonable trier of facts in making the finding which was made.

There was sufficient competent evidence to warrant the finding of fact of the commission and the circuit court erred in setting it aside.

The judgment of the circuit court is reversed, and the cause is remanded to that court with directions to enter a judgment affirming the award of the commission. Costs in both courts are assessed against appellee, as is directed in § 25 (b) of Act 319 of 1939.

McFADDIN, J., (dissenting). My dissent in this case is for the purpose of calling attention to what I consider the excessive importance and weight given by this court to the findings of fact made by the Compensation Commission. The legislature has provided that on appeal the court may modify, reverse, remand or set aside the award of the Compensation Commission if "there was not *sufficient competent* evidence in the record to warrant the making of the award. (§ 25 of the Workmen's Compensation Law.) I insist that the words "sufficient competent evidence" mean something more than "substantial evidence."

In *Lundell* v. *Walker,* 204 Ark. 871, 165 S. W. 2d 600, decided on October 26, 1942, this court said: "Appellants concede that findings of fact by the Compensation Commission are, on appeal, given the same verity as would attach to a jury's verdict. . . ."

The fact that the appellants in *Lundell* v. *Walker* made an erroneous concession should not now be used to further perpetuate the error: the findings of fact by the Workmen's Compensation Commission are not entitled to the verity given the verdict of a jury; because the Workmen's Compensation Law (Act 319 of 1939, § 25) prescribes that the finding must be measured by "sufficient competent evidence"; and that is entirely different from "substantial evidence" as used to test jury verdicts.

In *Words & Phrases,* Permanent Edition, Volume 40, p. 499, there are collected scores of cases from various jurisdictions all over the nation showing what is meant

by the expression "substantial evidence." The Supreme Court of the United States, in the case of *National Labor Relations Board* v. *Columbian E. & S. Co.,* 306 U. S. 292, 59 S. Ct. 501, 83 L. Ed. 660, in defining "substantial evidence," said: "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." The "substantial evidence" rule is the rule in jury cases in Arkansas: the finding of the jury will not be disturbed on appeal if there is *substantial evidence* to support it. For cases, see West's Digest, "Appeal and Error," § 1001.

In equity cases, the finding of the trial court will not be disturbed unless it is against the *preponderance of the evidence.* For cases, see West's Digest, "Appeal and Error," § 1009.

In short, heretofore we have had two rules or measures for evidence in civil cases: (1) the "substantial evidence" rule, which applies on appeal of jury cases; and (2) the "preponderance of evidence" rule, which applies on appeal of equity cases.

But the rule or measure for the evidence in the Workmen's Compensation cases, as fixed by statute, is neither the "substantial evidence" rule nor the "preponderance of evidence" rule; but is the "sufficient competent evidence" rule; and we must assume that these words—"sufficient competent evidence"—were placed in the Workmen's Compensation Act by deliberate design and not by mere inadvertence.

What, therefore, does "sufficient competent evidence" mean?

In *Words & Phrases,* Permanent Edition, Volume 40, p. 614, the words "sufficient evidence" are defined. It is there stated: " 'Sufficient evidence' is defined to be such evidence as in amount is adequate to justify the court or jury in adopting the conclusion in support of which it is adduced. *United States* v. *Detroit Timber & Lumber Co.,* 124 F. 393, citing *Walker* v. *Collins,* 59 F. 70, 8 C. C. A. 1, and quoting Cent.-Dict."

Again it is stated: "By 'sufficient evidence' is meant that amount of proof which ordinarily satisfies an unpre-

judiced mind beyond reasonable doubt. *Moore* v. *Stone,* (Tex.), 36 S. W. 909, citing 1 Greenl. Ev., § 2; *Missouri Pac. Ry. Co.* v. *Bartlett,* 16 S. W. 638, 81 Tex. 42; *State* v. *Warford,* 16 S. W. 886, 106 Mo. 55, 27 Am. St. Rep. 322, citing 1 Greenl. Ev. p. 4, § 2; *Campbell* v. *Burns,* 46 A. 812, 94 Me. 127, citing 1 Greenl. Ev. § 2; *Richmond & D. R. Co.* v. *Trammel,* 53 F. 196; *Thayer* v. *Boyle,* 30 Me. 475 (citing 1 Greenl. Ev. § 2); *Chapman* v. *McAdams,* 69 Tenn. (1 Lea) 500; *Territory* v. *Bannigan,* 46 N. W. 597, 1 Dak. 451; *State* v. *Dineen,* 10 Minn. 407, (10 Gil. 325); *White* v. *Chicago, M. & St. P. Ry. Co.,* 1 S. Dak. 326, 47 N. W. 146, 9 L. R. A. 824; *West* v. *West,* 90 Iowa 41, 57 N. W. 639."

"The terms 'weight of evidence' and 'sufficient evidence' have long been regarded as synonymous terms and used interchangeably. *Waldron* v. *New York Central Railway Company,* 106 Ohio St. 371, 140 N. E. 161." See also, 23 C. J. 9.

In *Words & Phrases,* Permanent Edition, Volume 8, p. 240, cases are listed defining "competent evidence." A few of these are: " 'Competent evidence' means that which the nature of the fact to be proved requires. *Goltra* v. *Penland,* 77 P. 129, 45 Or. 254, quoting 1 Greenl. Ev. (14th Ed.) § 2.

* * *

" 'Competent evidence' is that which the very nature of the thing to be proved requires as the fit and appropriate proof in the particular case, such as the production of a writing where its contents are the subject of inquiry. *Hill* v. *Hill,* 113 So. 306, 216 Ala. 435."

In 12 C. J. 235, it is stated, in defining "competent evidence": "COMPETENT EVIDENCE. That which the very nature of the thing to be proved requires, as the fit and appropriate proof in the particular case, such as the production of a writing, where its contents are the subject of inquiry; sufficient or adequate evidence; relevant evidence; evidence admissible for the purpose of establishing a fact; such evidence as, if believed, would authorize a jury to find a fact; sufficient evidence to settle unalterably, or prove, the effect of an act."

To conclude: certainly when the legislature used the words "sufficient competent evidence" it was intended for the reviewing authority to do more than see if there was substantial evidence to sustain the findings of facts of the Commission. The legislature intended for the reviewing authority: (1) to go through the evidence and cut out the incompetent evidence; and (2) then to determine whether there was enough evidence remaining to satisfy an unprejudiced mind: in other words, the reviewing authority should weigh the evidence. I contend that any construction of the law short of this is a failure of the judiciary to properly review the actions of the administrative tribunal.