H. C. PRICE CONSTRUCTION COMPANY *v.* SOUTHERN.

4-8985                                     224 S. W. 2d 358

Opinion delivered November 21, 1949.

114

*Wright, Harrison, Lindsey & Upton,* for appellant.

*Hugh Conway, Josh W. McHughes* and *J. H. Carmichael,* for appellee.

GEORGE ROSE SMITH, J. This claim under the Workmen's Compensation Act arises from the appellee's partial blindness. It is conceded that he has only thirty per cent vision in his right eye and mere light perception in the left. The Commission denied the claim, in the belief that the appellee's condition did not arise out of and in the course of his employment. Ark. Stats. (1947), § 81-1305. The Circuit Court reversed the action of the Commission. For us the only inquiry is whether there was substantial evidence to support the Commission's rejection of the claim.

The appellee, a man of sixty, had been employed at intervals by the appellant for about fifteen years. On the evening of July 26, 1947, his eyes began to pain him; "it felt like two balls of sand in there." He remembered that at about ten o'clock that morning, during his work in the laying of a pipeline, he had been exposed to a bright flash from an electric welding torch. In the past he had suffered occasional eye trouble from similar incidents, but had been able to obtain relief by home remedies. In this instance he tried these without success, and on July 29 he was taken to Dr. Raymond Cook, an ophthalmologist.

Dr. Cook testified that the appellee's right eye was red and painful. Its internal pressure was found to be sixty-one millimeters, as compared to normal pressure of twenty-five millimeters. The left eye was normal in both inner tension and outward appearance. Examination disclosed adhesions in the interior of each eye, binding the pupils to the lenses. Dr. Cook prescribed an ointment and hot packs, which relieved the pain to some extent. On August 5 the patient returned to have the prescription refilled and was told by Dr. Cook, after another examination, that his condition would probably require an operation.

During the next few days the appellee's vision almost failed. On August 8 he telephoned his family in

Enid, Oklahoma, to come and get him, that he was blind. An operation was performed in Enid on August 11, to save the eyesight that still remained. Since then the appellee has consulted other physicians, but it is indicated that his condition will probably grow worse.

Heightened outward pressure in the eyeball is known as glaucoma. The disputed question in this case is whether the appellee's glaucoma was caused or aggravated by the flash of light on July 26. Dr. Cook testified that in his opinion it was not. He attributes the appellee's disability to the adhesions within his eyes. In his judgment, which in this respect is not disputed, these adhesions could not have formed in three days; their existence goes back for at least six months and perhaps for twenty years. Such adhesions may eventually obstruct the circulation of the fluid in the eye. When that happens the internal pressure rises very rapidly, with attendant pain to the patient. Dr. Cook's disregard of the welding flash as a contributing factor to the glaucoma is based on two considerations: First, he found no evidence of electric conjunctivitis—the normal consequence of a flash burn. Second, glaucoma was originally present only in the right eye, whereas in nearly every case the eyes are affected alike by an electric flash, because a person looks at an object with both eyes. The other medical witnesses agree that such injuries are not usually confined to one eye alone.

Dr. Cook's conclusion is not shared by other physicians who testified. In their view the welder's light either did contribute or may have contributed to the appellee's disability. The testimony cannot be reconciled. It is not, however, the function of the courts to weigh the evidence in compensation cases. *J. L. Williams & Sons, Inc.,* v. *Smith,* 205 Ark. 604, 170 S. W. 2d 82. The legislature has entrusted to the Commission the power to speak the final word in controversies of fact, just as a jury must assume that responsibility in suits at common law. It is immaterial that we might reach a different conclusion if we were permitted to try the case anew. That authority has not been given to us. The

evidence in support of the Commission's action is of the character required by the statute, and we have no choice except to sustain the denial of the claim.

The judgment is reversed and the cause remanded with instructions to affirm the action of the Commission.