FARRELLY LAKE Co. *v.* REDDEN.

5-2718                                    360 S. W. 2d 187

Opinion delivered September 24, 1962.

*Wright, Lindsey, Jennings, Lester & Shults,* for appellant.

*Botts & Botts,* for appellee.

GEORGE ROSE SMITH, J. This is a death claim under the workmen's compensation law, filed by the appellee as the widow of George Redden. The decedent strained the muscles of his left side on August 15, 1956, while helping fellow employees lift a heavy timber. He died less than two months later, on October 10, from cancer of the left lung and other organs. The commission denied the claim, finding that there was no connection between the accidental injury and the cause of death. The circuit court reversed the decision, holding that it was not supported by substantial evidence.

On the day of his accident Redden consulted Dr. Whitehead, who treated him for muscular strain by taping his side and giving sedatives. On that day, or the next day, Redden coughed up blood from his lungs for the first time in his life. He returned to work on August 21 and was able to perform light tasks until August 28, which was his last day at work. He was in the care of physicians at Stuttgart until September 21, when he was sent to the Veterans Hospital at Little Rock. No positive diagnosis seems to have been made by any doctor during Redden's lifetime. An autopsy disclosed a primary cancer of the left lung, which had metastasized to the lymph nodes, spleen, liver, kidney, adrenalin gland, and bone marrow.

There is no contention that the cancer was caused by the decedent's work. The medical witnesses were pretty well in agreement that the disease had already spread over Redden's body when he strained his side on August 15 and that he was then so afflicted as to have no chance for recovery. The only fact question was whether the accidental injury aggravated his condition and thereby hastened his death.

On this issue the testimony is in direct conflict. For the claimant several physicians testified that in their opinion the injury did hasten Redden's death or at least might have done so. For the respondents Dr. Hipp and Dr. Graham, specialists in the field of cancer, testified positively and unequivocally, after having reviewed the entire record, that the injury had no connection whatever

406

with the decedent's death and did not cause it to occur any sooner than would otherwise have been the case. Dr. Hipp explained that even if the accident caused the bleeding within the lung that would not have affected the spreading of the disease, because metastasis is due to the entry of cancer cells into the blood stream rather than into the bronchus.

The testimony adduced by the respondents is unquestionably of a substantial nature; so it is our duty to uphold the commission's decision. *H. G. Price Construction Co.* v. *Southern,* 216 Ark. 113, 224 S. W. 2d 358. Nor does the record support the appellee's contention that the commission considered only the medical evidence, to the exclusion of the other proof. All the facts were reviewed in the referee's opinion, which was referred to with apparent approval by the full commission. There is no indication that the commissioners thought themselves bound to reach a decision upon the medical evidence alone.

The appellee's motion to affirm the judgment for noncompliance with Rule 9 must be denied. While the appellants' abstract might well have contained more numerous references to the pages of the record, it is by no means fatally defective.

Reversed.