BAKER *v.* SILAZ.

4-7096     · ´     172 S. W. 2d 419

Opinion delivered June 14, 1943.

*Rolland A. Bradley,* for appellant.

*John M. Lofton, Jr.,* and *Owens, Ehrman & Mc-Haney,* for appellee.

HOLT, J. October 8, 1941, appellant, Mrs. E. L. Baker, on behalf of herself and her two minor children, filed claim for compensation before the Workmen's

Compensation Commission against appellees, J. B. Silaz, employer, and United States Fidelity & Guaranty Company, insurer, under the provisions of Act 319 of 1939, referred to as the "Workmen's Compensation Law." Her claim was based upon an injury to her husband, E. L. Baker, which caused a hernia, necessitating an operation, from which he died shortly thereafter.

On this same date, there was a hearing before the Commission on appellant's claim. Appellant appeared without counsel, but many witnesses were presented and gave testimony in her behalf. Appellees denied all liability and presented testimony controverting appellant's claim. The Commission, at the close of the hearing, without rendering a decision, directed a trial *de novo* of the cause to be had on October 29, 1941, thereafter, for the reason that appellant was, on the first hearing, without counsel. Following the second hearing, the Commission, on November 12, 1941, rendered its opinion, holding that the parties were bound by the provisions of the Arkansas Workmen's Compensation Act; that the hernia sustained by appellant's husband, E. L. Baker, was compensable on the evidence presented, but that the operation performed on Mr. Baker was unauthorized by the insurance carrier or any one in its behalf and, therefore, there was no liability for the resulting death.

Appellant, in apt time, appealed from the decision of the Commission to the Pulaski circuit court, Second Division, where a hearing was had on December 3, 1942. The circuit court reversed the decision of the Compensation Commission, and held that the Act did not require the employer or the insurance carrier to authorize the operation, and that the Commission erred in holding otherwise.

The court further held that the Commission erred in holding that the evidence was sufficient to establish a compensable claim. From this judgment this appeal follows.

After a careful review of this record, it is our opinion that there is ample testimony, substantial in character, supporting the finding of the Compensation Com-

mission that appellant's husband had sustained a compensable injury while in the employ of appellee Silaz, and that the circuit court erred in holding otherwise.

It is also our opinion that the circuit court correctly held that the Act in question here did not require either the employer or the insurance carrier first to authorize the operation on E. L. Baker for the hernia from which he was suffering before liability would attach.

The claim here is primarily based on § 13, subdivision 23(e), of the Workmen's Compensation Law, *supra,* reading, in part, as follows:

."(e) In all cases of claims for hernia it shall be shown to the satisfaction of the Compensation Commission:

"(1) That the decent of the hernia immediately followed as the result of sudden effort, severe strain, or the application of force directly to the abdominal wall;

"(2) That there was severe pain in the hernial region;

"(3) That such prostration resulted so that the employee was compelled to cease work immediately;

"(4) That the occurrence of the hernia was noticed by the claimant and communicated to the employer within forty-eight hours after;

"(5) That the physical distress following the occurrence of the hernia was such as to require the attendance of a licensed physician or surgeon within forty-eight (48) hours after such occurrence;

"In every case of hernia as above defined, it shall be the duty of the employer forthwith to provide the necessary and proper medical, surgical and hospital care and attention to effectuate a cure by radical operation of said hernia, not exceeding, however, the sum of two hundred fifty dollars, . . .

"In case the employee shall refuse to permit such operation, it shall be the duty of the employer to provide all necessary first aid, medical and hospital care and services, and to supply the proper and necessary truss

or other mechanical appliance to enable said employee to resume work, not exceeding two hundred and fifty dollars, . . .

"In case death results within a period of one year, either from the hernia or from the radical operation thereof, compensation shall be paid the dependents as provided in other death cases under this Act."

It is well established under the decisions of this court that the circuit court, on appeal, cannot disturb the findings of fact made by the Workmen's Compensation Commission where substantial evidence appears in the record in support of those findings. In fact, this is conceded by appellees.

We proceed now to a consideration of the facts, and, in this connection, it should be borne in mind that § 27 of the Act provides, among other things, that "declarations of a deceased employee concerning the injury in respect of which the investigation or inquiry is being made, or the hearing conducted, may be received in evidence, and shall, if corroborated by other evidence, be sufficient to establish the injury."

E. L. Baker, at the time of his injury, was in the employ of appellee, J. B. Silaz, Jr., and had been so employed for approximately 11 years. His principal duties were to make deliveries of gasoline, kerosene, motor oil and other petroleum products, to Gulf service stations, at a salary of $100 per month.

Prior to the injury complained of, Baker was operated on for another hernia sometime in 1935. The injury complained of here was received on July 5, 1941, the operation for hernia was performed in a Little Rock hospital on July 24, and Baker died on July 29. He left surviving his widow and five children, two of whom are minors.

We quote from Mr. Baker's signed statement furnished the insurance carrier and dated July 15, 1941:

"I have never had any pain or trouble of any kind with my abdomen until about noon July 5, 1941, when I had just finished unloading from my truck at a station

at Mayflower and had gone inside the station and sat down to make out a ticket when a severe cramping pain hit me and just about doubled me up. I drove the truck home and called Dr. Taylor. He has kept me under observation since that time and instructed me to stay in bed. I had another attack of severe cramping pain about 5 or 6 p. m. July 5 and another one the evening of Tuesday, July 8 about 1 p. m. I had gone out on the truck that morning to help the other man to get used to the work. I have stayed in bed since that time. Dr. Taylor has just discovered a new hernia about 2 inches to the left of the navel. I presume that this new hernia to the left of the navel happened some time the morning of July 5. I had been lifting 10-gallon kerosene cans and five-gallon motor oil cans during that morning. A full can of kerosene weighs in the neighborhood of 100 pounds or more.''

Mrs. Bradley testified that Mr. Baker delivered three 10-gallon cans of kerosene to her place on July 5. Baker lifted these cans unassisted several feet above his waist up on to pedestals in her place of business.

Baker told his employer, Silaz, in reporting the injury, that he was unloading his truck at Palarm when the pain first struck him.

Dr. R. L. Taylor was Baker's family physician, and diagnosed his case as a new hernia on the 23rd of July, 1941. Dr. Taylor and Mr. Silaz took Mr. Baker to St. Vincent's Infirmary in Little Rock, where he was examined by Dr. Henry Hollenberg for the appellee insurance carrier. At the same time he was also examined by Dr. Charles Reed. These three physicians diagnosed his condition as a new hernia several inches removed from the old, and agreed that an immediate operation was necessary in an effort to save Mr. Baker's life.

From the happening of the injury, the insurance carrier had denied any and all liability on the claim, and over its objection Mr. Baker was operated on the following morning, July 24, by Drs. Taylor and Reed, chosen by Mr. Baker, with the consent and knowledge of his employer, Silaz, but over the objection of Mr. Martsolf,

adjuster for the insurance carrier. His death followed on the 29th. The employer, Mr. Silaz, told Mr. Baker that Drs. Reed and Taylor were entirely satisfactory with him and for Baker to make his own choice. It appears that all three of these physicians stand high in their profession, and are highly skilled, and there is no evidence here that everything was not done that could have been done in an effort to save Mr. Baker's life. The operating physicians testified that they discovered a new hernia about six inches from the old, and that the old hernia had healed, and that this new hernia was the cause of Baker's death. It was the opinion of Dr. Reed and Dr. Taylor that this new hernia was caused from the strain of lifting.

To summarize briefly: Dr. Hollenberg testified that Baker told him he had strained himself during the course of his employment, experienced sudden pain, and was required to have his family physician, Dr. Taylor. Baker told his wife (appellant), when he got home on the day of the injury, that he was dying and to call the doctor; that he was unloading his truck at Palarm or Mayflower when a pain struck him and he could hardly make it home. Mr. Silaz testified that Baker, in reporting the injury to him, said he was delivering merchandise at Palarm, and felt a pain in his side, and as he was leaving Mayflower this pain ''hit me pretty hard and almost floored me.'' In the signed statement before his death Baker said that he had just finished unloading his truck at Mayflower and was making out a ticket when a severe cramping pain hit him and just about doubled him up.

While we have not attempted to set out all the testimony in detail, we think the above testimony is substantial and amply sustains the Commission's finding that there was a compensable injury under the statute, *supra,* and that the circuit court erred in holding otherwise.

As above noted, we think the circuit court correctly held that the operation in question, performed on E. L. Baker preceding his death, had been properly provided for by the employer, Silaz.

Section 13, *supra,* provides that "in every case of hernia as above defined, it shall be the duty of the employer forthwith to provide the necessary and proper medical, surgical and hospital care and attention to effectuate a cure by radical operation of said hernia, not exceeding, however, the sum of two hundred fifty dollars, . . . ." Thus, it appears that the Act clearly directs that the employer—not the insurance carrier—shall "provide" the necessary medical and hospital facilities, and all this the employer has done in this case.

We find no provision in the Act requiring consent of the insurance carrier to authorize the operation.

We are further of the opinion that, under the plain terms of § 13 of the Compensation Act, appellant is also entitled to recover for medical and hospital services a sum not exceeding $250.

Accordingly, the judgment is reversed, and the cause remanded with directions to allow appellant's claim for compensation as in death cases and, in addition, for medical and hospital expenses in accordance with the provisions of the Act in question.