Johnson *v.* Little Rock Furniture Manufacturing
Company.

4-7260 178 S. W. 2d 249

Opinion delivered March 6, 1944.

*Tom J. Terral,* for appellant.

*Buzbee, Harrison & Wright,* for appellee.

McHaney, J. Appellant filed a claim with the Workmen's Compensation Commission against appellees, who are his employer and its insurance carrier, for compensation based on an accidental injury received by him either in May or August, 1942. His claim was denied by the commission, and he appealed to the circuit court of Pulaski county, where the action of the commission was affirmed, and he has appealed to this court.

The commission found that appellant, when a small boy, suffered from a disease in his hip which resulted in a shortening of his right leg and necessitated his wearing a raised heel on his shoe. This fact was admitted. It also found that he suffered an accidental injury in May, 1942, while working for appellee employer, was disabled and was paid compensation for three weeks' disability; and that he returned to work for the employer and worked to August 7, 1942, when he suffered a second injury to his back, but continued to work until September 30, 1942, when compensation payments were

again made to him. In October he was sent to Dr. Holmes for treatment, who caused him to be X-rayed. Dr. Holmes found no cause for his claim of disability with the possible exception of a bony mass in the muscle of the right side which had previously been located by X-rays of Drs. Law and Rhinehart. Appellant was operated on by Dr. Holmes, and this bony mass was removed on October 30, 1942, and he expressed the opinion that this bony mass was caused by disease probably at the same time of the hip disease, and was in no way caused by any injury suffered either in May or August, 1942. The doctor also testified that, over the long period of years this bony mass had been present in appellant's body, his muscle and body had doubtless become so adjusted to its presence as to permit him to work without undue pain or inconvenience, but that the injury might have dislocated it or aggravated it so as to cause pain. On November 30, 1942, Dr. Holmes discharged appellant as being able to perform the same type of work he did before the injury. The medical report of Dr. Hardeman who treated appellant for his first injury in May, and the X-ray reports of Dr. Law and Dr. Rhinehart corroborate the testimony of Dr. Holmes as to his old diseased condition and the bony mass in the muscle, and as to his present condition. Appellant offered no medical testimony except the verified report of Dr. Ledbetter, who made no X-ray, but who upon a physical examination found that appellant had suffered an injury to the fourth and fifth lumbar vertebrae, to the sacro-iliac joint, and to the right hip, which in his opinion was aggravated by the accidental injury suffered by appellant, resulting in total disability.

Based on these findings, the commission held that appellees were justified in suspending compensation payments to appellant on November 30, 1942, and that the weight of the evidence is against appellant's contention that any disability from which he now suffers is the result of the accidental injury received by him either in May or in August, 1942, and denied the claim.

<span style="background:black"></span>

Thus it will be seen that only a question of fact is presented by this appeal. It was frankly conceded in oral argument by counsel for appellant that these findings of fact and conclusions of law were based on substantial testimony. This concession is well taken for the medical and X-ray testimony offered by appellees is to the effect that appellant is as able to work as he ever was. The "Workmen's Compensation Law," § 25 (b) of Act 319 of 1939, provides that: "Upon appeal no additional evidence shall be heard and in the absence of fraud, the findings of fact made by the commission within its powers shall be conclusive and binding." It then provides that the court shall review only questions of law and may reverse the commission on four stated grounds, one of which, the 4th, is: "That there was not sufficient competent evidence in the record to warrant the making of the award." We have considered these provisions of said act in several cases, notably, *Lundell* v. *Walker*, 204 Ark. 871, 165 S. W. 2d 600; *J. L. Williams & Sons, Inc.*, v. *Smith*, 205 Ark. 604, 170 S. W. 2d 82; and *Baker* v. *Silaz*, 205 Ark. 1069, 172 S. W. 2d 419. The effect of the holdings in these cases is that the findings of fact made by the commission is given the same force and effect as the verdict of a jury, or of the court sitting as a jury, which is that this court will not set aside the verdict of a jury, or of the court so sitting, if it is based upon substantial evidence. So, here, it is conceded, and we so find, that the findings of the commission are supported by substantial evidence if not by the weight thereof, as the commission thought. Many of the commission's findings of fact are listed in the opinion under "Conclusions of Law." We think the better form would be to list the findings of fact and conclusions of law under those headings, but a fact found continues to be a fact, even though listed as a conclusion of law.

The judgment of the circuit court affirming the action of the commission is accordingly affirmed.

ROBINS, J., dissents.