Kloss *v.* Ford, Bacon & Davis, Inc.

4-7281                                    179 S. W. 2d 172

Opinion delivered April 10, 1944.

*Tom J. Terral,* for appellant.

*Buzbee, Harrison & Wright,* for appellee.

McFaddin, J.   This case arises under the Workmen's Compensation Law.  Appellant filed claim with the Workmen's Compensation Commission for injuries alleged to have been sustained by him on November 21, 1941, while employed by the appellee herein, Ford, Bacon & Davis, Inc.  The appellant claimed that he fell to the ground from a stack of lumber on a truck, and thus received a brain injury resulting in temporary loss of speech, mental derangement and other consequences.  The claim was resisted on the grounds (1) that the claimant never sustained any injury of any kind, and (2) that his mental condition was due to dementia praecox, catatonic type, and was in nowise connected with his employment or growing out of it.

The record is lengthy, consisting of three volumes and containing more than three hundred fifty pages. Over a score of witnesses testified, and intermittent hearings extended over a period of five months—from June to November, 1942.  Some of the claimant's witnesses testified to one state of facts at one hearing, and, a few months later, testified entirely at variance with the previous testimony.  The place of the alleged injury varied as much as five miles between claimant's witnesses.  To set out even the substance of the testimony would require many pages, and would serve no useful purpose.  Suffice

it to say that there were witnesses who supported the claimant and there were others who supported the appellee.

On this conflicting evidence the Workmen's Compensation Commission made its findings, which are clear and exhaustive; and from which we copy the two following paragraphs as typical:

"The testimony on behalf of this claimant is shot through with contradictions and discrepancies too numerous for this Commission to ignore.

"Upon full consideration of all the testimony, the Commission is of the opinion that this claimant left the home of his mother, Mrs. Robert Kloss, on November 22, 1941, to go to his home near Malvern, Arkansas, in good health and normal in every way, and that any disability from which he was suffering upon his arrival at his home in Malvern was not the result of any accidental injury that arose out of and in the course of his employment with the respondent employer."

From an adverse finding by the Commission the claimant appealed to the circuit court where the Commission was affirmed; and from the circuit court the claimant brings this appeal to this court. The rule is now well settled in this state that the findings of fact by the Workmen's Compensation Commission are given the same force and effect as the verdict of a jury in a case at law. *Lundell* v. *Walker*, 204 Ark. 871, 165 S. W. 2d 600; *J. L. Williams & Sons, Inc.*, v. *Smith*, 205 Ark. 604, 170 S. W. 2d 82; *Baker* v. *Silaz*, 205 Ark. 1069, 172 S. W. 2d 419; *Johnson* v. *Little Rock Furniture Mfg. Co.*, 206 Ark. 1016, 178 S. W. 2d 249.

The question, therefore, is: "Was there substantial evidence to sustain the findings of fact made by the Commission?" We answer this question in the affirmative: the self-contradiction by claimant's witnesses, the medical testimony, the evidence of insanity, the testimony about the absence of any visible sign of injury, the open muteness and secret conversational ability of the claim-

ant, the almost sudden return of his power of speech when the necessity of testifying was manifest—all these matters, when put together, make a picture well expressed in the excerpt from the Commission's findings as previously copied herein.

Affirmed.