DUNDEE WOOLEN MILLS *v.* CHISM.

4-8820                                              219 S. W. 2d 628

Opinion delivered April 18, 1949.

*Donham, Fulk & Mehaffy,* for appellant.

*Fred A. Isgrig* and *Jno. S. Gatewood,* for appellee.

ROBINS, J. The only question presented is whether the evidence adduced before the Workmen's Compensation Commission was sufficient to justify the award of compensation made by the commission, affirmed by the circuit court on appeal, in favor of the widow and estate of Henry Chism, deceased.

On July 2, 1945, Henry Chism, a healthy negro man 50 years old, working for Dundee Woolen Mills at its store in Little Rock, while attempting to raise a window at the store, sustained an injury to his back. A short time thereafter, in an effort to lower a window at the store, he fell and again injured his back. He suffered considerable pain at the time and was taken home by an acquaintance. While the injury was not then regarded by him as serious, he immediately notified his employer. His injury continued to cause him pain, and, under the proof, he was unable to work regularly thereafter. An X-ray examination on December 20, 1945, revealed that there had been a collapse of the 10th thoracic vertebra. On March 15, 1946, an operation was performed to relieve pressure on his spinal cord, which had partially paralyzed him. The operation disclosed a malignant tumor at the location of the damaged vertebra. Other complications ensued and Chism died April 18, 1946.

There was much medical testimony adduced, that of the appellants being directed toward establishment of their contention that the cancer found was metastatic in nature, had its origin in some other part of Chism's body, and that the trauma suffered by him had nothing to do with the malignant condition disclosed by the operation. The testimony on behalf of appellee tended to establish that the injury suffered by Chism originated or aggravated the pathological condition of Chism's spine, in either of which situations liability for compensation arose. *Owen* v. *Dix,* 210 Ark. 562, 196 S. W. 2d 913. It was also shown that at the time he received the injury Chism was an able-bodied man, but that after the injury

until his death he suffered more or less pain and disability.

We deem it unnecessary to rehearse and discuss the evidence in detail. It is sufficient to say that there was testimony, of a substantial nature, to authorize the finding of the commission, and of the circuit court, that Chism died from an accidental injury received in the course of his employment. Since this is so, we may not disturb the finding or the judgment. *J. L. Williams & Sons, Inc.* v. *Smith,* 205 Ark. 604, 170 S. W. 2d 82; *Kloss* v. *Ford, Bacon & Davis, Inc.,* 207 Ark. 115, 179 S. W. 2d 172; *Simmons National Bank* v. *Brown,* 210 Ark. 311, 195 S. W. 2d 539.

Affirmed.