DUKE v. PEKIN WOOD PRODUCTS COMPANY.

5-315                                      264 S. W. 2d 834

Opinion delivered February 22, 1954.

---

[1] The decision was by a divided court.

*J. R. Wilson* and *Paul K. Roberts,* for appellant.

*Wright, Harrison, Lindsey & Upton,* for appellee.

J. SEABORN HOLT, J. W. G. Duke, while employed by one of the appellees, (Pekin Wood Products Company), on February 23, 1948, between seven and seven-thirty A.M., suddenly collapsed and died shortly thereafter, in a hospital, on the same day. His widow, appellant, sought compensation award under our Workmen's Compensation Act of 1939, as amended, (now Ark. Stats., 1947, §§ 81-1301—81-1349). She based her claim for recovery on the ground that her deceased husband "was afflicted with some pre-existing ailment which the doctors testified they believed was heart trouble. This heart condition had been aggravated by nervousness and the exacting supervisory work which Mr. Duke did."

Appellant's claim was denied on a hearing before a single Commissioner, and on review before the full Commission, on the finding that the decedent did not sustain an accidental injury arising out of his employment. On appeal to the Circuit Court, the action of the Commission denying the claim was affirmed and this appeal followed.

We hold that there was ample, substantial evidence to support the finding of the Circuit Court.

In these compensation cases, we have consistently adhered to the following rules: " 'The findings of the Commission, which is the trier of the facts, will not be disturbed on appeal to the circuit court if supported by substantial testimony. Act 319 of 1939, § 25b; (Citing

many cases). . . . 'In a long line of decisions since the passage of the act here in question, the rule has been clearly established that the finding of the Commission shall have the same binding force and effect as the verdict of a jury, or of a circuit court on appeal to that court or on appeal to this court.' . . . The Commission had the right, just as a jury would have had, to believe or disbelieve the testimony of any witness.' " *Springdale Monument Company* v. *Allen,* 216 Ark. 426, 226 S. W. 2d 42.

"It is not our function to weigh the evidence in these compensation cases. That responsibility has been left to the Commission by the Legislature. . . . The burden of proof is on the claimant to show that injury or death of the employee was the result of an accidental injury that not only arose in the course of the employment, but in addition, that it grew out of, or resulted from, the employment." *Farmer* v. *L. H. Knight Company,* 220 Ark. 333, 248 S. W. 2d 111.

While the law must be liberally construed, general accident insurance was not contemplated, and "since the effective date of the initiated Workmen's Compensation Law (Act 4 of 1948, adopted by the people November 2, 1948, Acts 1949, p. 1420), December 3, 1948, (now §§ 81-1301—81-1349, Ark. Stats., 1947), there is no *prima facie* presumption that the claim comes within the provisions of the law." *(Farmer* v. *L. H. Knight Company, supra.)* See, also, *Birchett* v. *Tuf-Nut Garment Manufacturing Company,* 205 Ark. 483, 169 S. W. 2d 574.

There appears to be little, if any, dispute as to the facts in this case. The record supports the following findings and summation by the Commission: "William G. Duke was employed by the Pekin Wood Products Company in a supervisory capacity and he had been so employed since about June or July of 1946. He worked eight hours per day and five days per week. On Monday morning, February 23, 1948, William G. Duke reported for work at the usual time, which was 6:30 o'clock. It appears that after reporting for work that morning Mr.

Duke went from the bandsaw department in the Town and Country building to the glue room, located in the Old Mill building, to see about what materials would be coming to the bandsaw department, which was his usual custom. It appears Mr. Duke covered a distance of about 1,280 feet in going from the bandsaw department to the glue room and return. He had no steps, hills or grades to climb. In going from the Town and Country building to the Old Mill building he had to walk a little over 100 feet out in the open weather. The temperature inside the Town and Country building was 65 to 70 degrees Fahrenheit and the temperature outside in the vicinity of Helena .was 33 to 36 degrees Fahrenheit. According to the workmen who saw and talked with Mr. Duke that morning, he seemed to be in good spirits, made no complaints and appeared to be in good health. After returning to the bandsaw department, Mr. Duke sat or leaned up against some lumber and visited or talked with one of the workmen for a period of five to fifteen minutes. It appears that they had nothing to do at that time as they were waiting on stock to arrive at the bandsaw department. After visiting a few minutes Mr. Duke stood up and then fell forward. It was then about seven o'clock. Mr. Duke was put on a stretcher, taken to the first aid station and then an ambulance took him to the hospital in Helena where he was examined by Dr. George R. Storm. Dr. Storm talked to Mr. Duke for a short time and had ordered the nurse to give him a hypodermic when Mr. Duke died. It was Dr. Storm's opinion that the decedent died of a coronary thrombosis. Dr. Storm was the only doctor that saw and examined the decedent after his attack about seven o'clock on the morning of February 23, 1948.''

As indicated, we find no substantial evidence that the collapse of the decedent here resulted from any increased, unusual, or over taxing effort on his part as argued by appellant and that would bring it within the rule announced in such cases as *Triebsch* v. *Athletic Mining & Smelting Company,* 218 Ark. 379, 237 S. W. 2d 26, and *Scobey* v. *Southern Lumber Company,* 218 Ark. 671, 238

S. W. 640, 243 S. W. 2d 754, relied on by appellant. These cases are clearly distinguishable on the facts peculiar to each.

In the recent case of *C. & B. Construction Company* v. *Roach,* 220 Ark. 405, 248 S. W. 2d 368, which involved the death of a laborer and the claim that strain or exertion contributed at least to his death by coronary thrombosis, we said. "There was no evidence of an increased work load placed on Roach, so as to make applicable the holding in such cases as *Triebsch* v. *Athletic Mining & Smelting Company,* 218 Ark. 379, 237 S. W. 2d 26; and *Scobey* v. *Southern,* 218 Ark. 671, 238 S. W. 640, 243 S. W. 2d 754."

Affirmed.

Mr. Justice MILLWEE dissents.