McKAMIE v. KERN-TRIMBLE DRILLING Co.

1569                                      313 S. W. 2d 378

Opinion delivered May 26, 1958.

*Keith, Clegg & Eckert, J. Fred Jones,* for appellant.

*Wright, Harrison, Lindsey & Upton,* for appellee.

J. SEABORN HOLT, Associate Justice. By proper procedure under our Workmen's Compensation Law (Secs. 81-1301—1341 Ark. Stats. 1947), appellant, Mc-Kamie, sought an award of compensation. July 28, 1955, appellant's feet were severely burned when he spilled

caustic acid on his shoes, an injury conceded to be compensable under the above compensation law. The claim was first heard and denied by a single commissioner, later was denied by the full commission, and again on appeal to the circuit court was denied.

On this appeal (by stipulation) ''The respondents (appellees) take the position that claimant was temporarily totally disabled for twelve weeks and three days or until October 24, 1955 and that he had a temporary partial disability from October 24, 1955 until May 1, 1956. Respondents take the position that they have paid the claimant for his disability and have no further liability.'' Further, they take the position that the treatment and hospitalization by Dr. Carruthers was not authorized by appellees or the commission, therefore, appellees are not liable. Appellant, on the other hand, states his position in this language: ''The claimant's position is that he has never recovered from his foot injury and as a direct result and consequence of his foot injury he developed a bursa at his knee which was removed by Dr. Carruthers and that the disability as well as the medical expense resulting therefrom is a part of the compensable injury and respondent is liable therefor.''

Appellant was first treated by a physician in El Dorado who applied dressings to his burns. From August 4 to October 20, 1955 Dr. Rushton of Magnolia treated appellant, during which time appellant's healing had progressed to the point that enabled him to engage in light work for which he received somewhat less pay than before his injury. Next, appellant was treated by Dr. Shuffield of Little Rock from November 21, 1955 to April 30, 1956, at which time Dr. Shuffield informed appellant that he could return to his regular job on May 1, 1956. The record reflects that from the date of the injury (July 28, 1955) through February 20, 1956, McKamie was allowed and received temporary total disability payments from the appellees and from February to May 1956 he was allowed and received temporary partial compensation. All payments to appellant stopped

on May 1, 1956. On April 30, 1956, when Dr. Shuffield told appellant he could return to his regular job, appellant consulted, for the first time, Dr. Carruthers with respect to a painful swelling on the back of his left knee, which Dr. Carruthers correctly diagnosed as a bursa, and which he removed by surgery on May 8, 1956. Dr. Shuffield examined appellant on April 30, 1956, (the same day on which Dr. Carruthers examined him) and was of the opinion that this bursa was not caused by or the result of the burns suffered by appellant on July 28, 1955. Dr. Carruthers, however, was of the opinion that the bursa was due and caused or superinduced by appellant's burns of July 28, 1955.

As we read this record the primary and decisive question presented is one of fact, and that is whether there was any substantial evidence to support the findings of the commission. Since the enactment of our Workmen's Compensation Law, we have consistently held that we do not try compensation cases here *de novo,* we are, therefore, not concerned with where the weight of the evidence may lie. When we find any substantial evidence to support the findings of the commission, we must affirm. We said in the recent case of *Grimsley, Adm'x* v. *Manufacturers Furniture Co.,* 224 Ark. 769, 276 S. W. 2d 64: "Findings of fact by the Workmen's Compensation Commission are given the same verity as attach to the verdict of a jury and this applies on appeal to the circuit court as well as to the supreme court from the judgment of the circuit court . . . On appeal, the Supreme Court must view testimony in its strongest light in favor of the commission's findings . . . Where the commission acting upon sufficient evidence sustains or rejects an award, such findings will not be disturbed on appeal."

As indicated, the testimony of Dr. Carruthers and that of Dr. Shuffield is in irreconcilable conflict. It was Dr. Carruthers' opinion that the bursa which he removed from appellant's knee was a result of the compensable injury which appellant sustained on July 28, 1955. It appears that Dr. Carruthers first saw and ex-

amined appellant on April 30, 1956. On the other hand, Dr. Shuffield, who for more than five months prior to April 30, 1956 had been treating appellant, also examined and discharged appellant on that same day (April 30, 1956). Dr. Shuffield had been treating appellant, as indicated, for more than five months prior to April 30, 1956. His findings and conclusions were before the commission, without objection, in a letter dated May 29, 1956, in which he said: "It is my opinion that any trouble he had on the posterior aspect of his knee, was not related in any way to the injury to his foot. I feel that the injury to his foot has healed sufficiently that he was able to carry on with his regular work as of May 1, 1956. Although he had some metatarsalgia secondary to his burn, there was no injury to his metatarsal from the burn itself. It is my opinion that this patient will have no permanent partial disability as a result of the burn he sustained."

The commission found that the bursa was not related to appellant's injury. Dr. Rushton, in summarizing his treatment of appellant stated: "He came into this office complaining of his feet; and I examined him and told him that he had fallen arches, and I thought that if he would buy him some arch supports, they would give him some relief. However, his fallen arches had nothing to do with the burns he had sustained on his feet; . . ." Dr. Rushton further stated that appellant would be able to return to work October 24, 1955.

We hold that the above testimony of Dr. Shuffield and Dr. Rushton, if believed by the commission (and it evidently was) was substantial and sufficient to sustain the commission's findings. With reference to the effect of medical testimony which is conflicting, we said in *Grimsley, Adm'x* v. *Manufacturers Furniture Co., supra*, "While, as indicated, medical testimony given by two doctors, Dr. J. L. Smith and Dr. Paul Ewing, tended to contradict that of the three doctors above, we have consistently held that in situations, as this, such conflicting testimony presents a fact question to be determined by the commission and we are without authority to

reverse its conclusions when supported by substantial testimony . . ."

Accordingly, the judgment is affirmed.