CARTY v. WARD FURN. MFG. CO.

5-1661                                                    318 S. W. 2d 148

Opinion delivered December 1, 1958.

D. L. Grace, for appellant.

Harper, Harper, Young & Durden, for appellee.

J. SEABORN HOLT, Associate Justice. Properly proceeding under the provisions of our Workmen's Compensation Statutes (Secs. 81-1301—1349, Ark. Stats. 1947), appellant, Carty, was awarded compensation, resulting from an injury, for permanent partial disability to the extent of 30 per cent of his body as a whole. His claim was first heard before a referee of the commission, who, on January 2, 1957, awarded Carty compensation on the basis of permanent partial disability to the extent of 25 per cent of his body as a whole. On appeal the full commission increased the amount of such disability allowed by the referee to 30 per cent. The Sebastian Circuit Court affirmed the action of the full commission and this appeal followed.

For reversal appellant says: "First: Appellant was injured while in the employment of the appellee on the 14th day of September, 1954 — a primary injury, traumatic in nature. (1). The award and opinion of the commission and order of the circuit judge were insufficient, and did not fairly recompense appellant for injury sustained as to healing period, (2). Did not fairly

recompense appellant as to total permanent disability, and/or the per cent thereof. Second: Appellant sustained a secondary injury, permanent in nature, which resulted from the use of iodized oil in the form of myelogram administered by the doctors in their efforts to diagnose and operate his injuries; for which he never was treated. That said injuries sustained by the use of iodized oil were never diagnosed and never rated as to disability by the Arkansas Workmen's Compensation Commission nor the circuit court.''

"Since the enactment of our Workmen's Compensation Law, we have consistently held that we do not try compensation cases here *de novo,* we are, therefore, not concerned with where the weight of the evidence may lie. When we find any substantial evidence to support the findings of the commission, we must affirm. We said in the recent case of *Grimsley, adm'x.* v. *Manufacturers Furniture Co.,* 224 Ark. 769, 276 S. W. 2d 64: 'Findings of fact by the Workmen's Compensation Commission are given the same verity as attach to the verdict of a jury and this applies on appeal to the circuit court as well as to the supreme court from the judgment of the circuit court . . . On appeal, the supreme court must view testimony in its strongest light in favor of the commission's findings . . . Where the commission acting upon sufficient evidence sustains or rejects an award, such findings will not be disturbed on appeal,' '' *McKamie* v. *Kern Trimble Drilling Co.,* 229 Ark. 86, 313 S. W. 2d 378.

After a careful review of the testimony presented, we think a fair summation thereof was made by the commission and that its conclusions were based on substantial evidence. The commission's findings and conclusions contained these recitals: "On September 14, 1954, claimant sustained an accidental injury to his low back, and in an opinion filed January 2, 1957, by a referee, it was found that claimant's temporary total disability and/or healing terminated July 17, 1956; that the claimant has a permanent partial disability of 25 per-cent to the body as a whole; that the payment of

temporary total disability and permanent partial disability of 25 per cent to the body as a whole has not been controverted by respondents. The referee made an award in keeping with his findings and in addition thereto allowed claimant's attorney an attorney's fee of $200 to be deducted from the award.

"Upon review additional evidence was presented, it consisting of the following: testimony of Dr. Hoyt Kirkpatrick, Jr., Holt-Krock Clinic, Fort Smith, Arkansas, who specializes in orthopedics; testimony of Dr. Frank Padberg, Little Rock, who specializes in neurosurgery and who examined and operated on claimant for a herniated disc and who re-examined claimant on May 3, 1957, at the suggestion of this commission; additional testimony of claimant and his wife; reports of Dr. Frank Padberg dated May 4 and 27, 1957; report of Dr. John D. Christian, orthopedist of Little Rock, dated May 11, 1957; x-ray report of Dr. George Regnier dated May 22, 1957.

"We find from a study of the evidence of record presented before the referee that the 'Statement of the Case', as set forth . . . is a fair statement of such evidence; therefore, in the interest of avoiding repetition, we herewith adopt said statement as our own.

"Briefly stated, the additional evidence presented before the full commission is substantially to the following effect: Dr. Padberg re-examined claimant on May 3, 1957, at the suggestion of this commission, and after that examination it is his opinion claimant's permanent partial disability is 25 per cent to the body as a whole, and he finds no evidence of any disability resulting from the myelographic examinations given the claimant. Claimant continues to assert that he is unable to do any work and is 100 per cent disabled, but he also continues to refuse any additional operative procedure. Dr. John D. Christian of the orthopedic firm of Drs. Thompson, Christian and Steele, examined claimant on May 3, 1957, and he concludes his report of May 11, 1957, with the statement that he would estimate claim-

ant's permanent partial disability in the neighborhood of 30 per cent to the body as a whole, and he does not feel that any further treatment is indicated, and it is his further opinion that claimant's healing period ended prior to that time. Dr. George Regnier, radiologist of Little Rock, states in his report of May 22, 1957, that he reviewed films of claimant's spine made May 13, 1957, July 11, 1955, and December 6, 1954, and there is no evidence of a destructive process in any of the films, nor is there evidence of acute injury and no appreciable change in disc interspace which can be seen in these films, and the sacroilee and hip joints are normal radiographically.

"Upon consideration of all of the evidence presented herein, the commission, in partially affirming and partially amending the opinion of the referee, makes the following — Findings — 1. That on September 24, 1954, claimant sustained an accidental injury to his low back that arose out of and during the course of his employment; 2. That on July 17, 1956, claimant's period of maximum recovery or healing period from the aforesaid injury terminated, leaving him with a 30 per cent permanent partial disability to the body as a whole; 3. That 65 per cent of claimant's average weekly wage exceeded $25; 4. That the payment of compensation for temporary total disability and for permanent partial disability as found above has not been controverted by respondents. — Conclusions — Concisely stated, the questions for decision herein are the duration and extent of disability. When did claimant achieve maximum recovery from his admitted compensable accidental injury to his back? There is some conflict in the evidence as to exactly when claimant reached such a physical state. We believe that there is competent evidence to establish that claimant's maximum recovery, particularly in view of claimant's refusal to submit to any further operative procedures, terminated on or before July 17, 1956. We, therefore, affirm the referee's finding that claimant's healing period terminated on the foregoing date.

"What is the extent of claimant's permanent partial disability resulting from instant injury? As opposed to claimant's assertion that he is unable to do any work, we have the medical opinions of three medical specialists that claimant is able to do certain types of work, and that in their opinions claimant's permanent partial disability to the body as a whole is from 25 to 30 per cent. One orthopedist and a neurosurgeon expressed the opinion that claimant's permanent disability is 25 per cent, while one orthopedist states claimant's disability is about 30 per cent of the body as a whole. There is also other medical opinion on the part of two general practitioners that claimant's disability is greater than that found by the medical specialists. When consideration is given, however, to the qualifications of the doctors and their opportunities to know claimant's condition, we believe that the opinions of the specialists should be given more weight than that accorded the general practitioners in this case. At the time the referee made his findings of a 25 per cent permanent partial disability to the body as a whole, he did not have the benefit of the findings of Dr. John D. Christian as set forth in Dr. Christian's report of May 11, 1957, which is now before the full commission.

"By the terms of this opinion, we, therefore, amend the referee's finding as to permanent partial disability, and herein find same to be 30 per cent to the body as a whole . . .

"Award—It appears that respondents have paid claimant for his periods of temporary total disability and/or temporary partial disability from the date of the injury at least down through July 17, 1956, and there is no dispute about payment of compensation for that period of time; therefore, beginning July 18, 1956, and continuing for a period of 135 weeks, respondents will pay to claimant compensation at the weekly rate of $25 for a 30 per cent permanent partial disability to the body as a whole. Respondents will take credit for any com-

pensation paid to claimant since July 17, 1956, to apply on his award for permanent partial disability.''

Accordingly the judgment is affirmed.