SHIPP *v.* TANNER.

5-1701                                        318 S. W. 2d 821

Opinion delivered December 22, 1958.

*Shaver, Tackett & Jones,* for appellant.

*Thomas S. Arnold & Arnold & Arnold,* for appellee.

J. SEABORN HOLT, Associate Justice. Proceeding under our Workmen's Compensation Law, (Secs. 81-1301—1349 Ark. Stats. 1947) appellant, Shipp, sought an award of compensation for an alleged injury while in the employ of H. G. Tanner, now deceased, and while in the course of such employment. On a hearing before a referee of the commission, his claim was disallowed. It was again denied on appeal to the full commission and this action of the full commission was affirmed on appeal to the circuit court. This appeal followed.

For reversal appellant contends that: "1. The trial court erred in refusing to rule that appellant received an accidental injury in the course of his employment. 2. The trial court erred in ruling that appellant failed to give sufficient notice of his injury."

Since we have concluded, after a careful review of all the testimony, that the commission, and the circuit court on appeal, correctly found that there was no substantial evidence that Shipp (the claimant) had received any accidental injury arising out of, and in the course of his employment, it becomes unnecessary to consider appellant's second contention above. "Since the enactment of our Workmen's Compensation Law, we have consistently held that we do not try compensation cases here *de novo,* we are, therefore, not concerned with where the weight of the evidence may lie. When we find any substantial evidence to support the findings of the commission, we must affirm. We said in the recent case of *Grimsley, Adm'x.* v. *Manufacturers Furn. Co.,* 224 Ark. 769, 276 S. W. 2d 64: 'Findings of fact by the Workmen's Compensation Commission are given the same verity as attach to the verdict of a jury and this applies on appeal to the circuit court as well as to the supreme court from the judgment of the circuit court . . . On appeal, the supreme court must view testimony in its strongest light in favor of the commission's findings . . . Where the commission acting upon

sufficient evidence sustains or rejects an award, such findings will not be disturbed on appeal,' " *McKamie* v. *Kern Trimble Drilling Co.*, 229 Ark. 86, 313 S. W. 2d 378. ". . . there is no *prima facie* presumption that the claim comes within the provisions of the law" (Workmen's Compensation Act), *Duke* v. *Pekin Wood Products Co.*, 223 Ark. 182, 264 S. W. 2d 834.

Shipp claims that he experienced a pain in his chest, a heart attack, on February 3, 1956, while he was delivering gasoline to Easley Service Station, the pain became worse, and he went to the office of Dr. Kittrell, who sent him to Dr. Baskett for an electrocardiogram. He was sent home for rest. He states his contention in this language: "It is our contention that Mr. Shipp was suffering from a heart or other condition more than a year prior to February 3, 1956, and that because of the undue strain and hardship due to his fellow employees being off from work placing the burden on him which he hadn't been used to carrying, because of his nervous condition, his mental condition and physical exertion, that it brought about this eventual heart attack on February 3, 1956, it being our contention that he was suffering from an ailment prior to that time, and that heavy work contributed to the eventual heart attack."

We think the testimony clearly supports the following findings of the commission: "The facts in this case disclose that claimant had previously suffered at least one incident which led him to suspect that he suffered a coronary involvement. We find the evidence supports the conclusion that claimant's breakdown stems from natural progression of disease as opposed to the result of strain or debilitating working conditions. The facts also disclose that claimant suffered at least one coronary episode subsequent to date of alleged injury, and this while he was at rest. The most that can be said relative to events of February 3, 1956, the date claimant alleges the suffering of accidental injury, is that claimant was beset by chest pains and as a result thereof quit work that morning and sought medical ad-

vice. The history on onset of these pains, even in the light of subsequent coronary developments, was not such as to cause testifying physicians to associate claimant's work with his disability on other than a speculative possibility. We do not deem such to be evidence of a character which will sustain a finding that a casual relation actually exists between claimant's breakdown and his work.''

Dr. Goesl, a practicing physician who specialized in diseases of the heart (appellee's witness) testified: ''I have heard the testimony with respect to the particular situation of Mr. Shipp. I believe that his employment had nothing to do with the development of the infarct, and I believe his condition would have developed in spite of the particular employment.'' Two other doctors testified (witnesses for claimant Shipp) and both were not in material disagreement with Dr. Goesl. For example, Dr. Baskett testified:

''Q. Can you say with medical certainty what caused Mr. Shipp's condition? A. No.'' Dr. Kittrell, who treated Shipp, also testified to the same effect, and further that most attacks of this nature occurred after a big meal or what would be called rest, which would indicate that probably exertion played no part in the development of these conditions. He also testified: ''Q. In your opinion, would that heavy exertion contribute to the condition which he was suffering and aggravate it? A. I wish I could answer it but I don't think I could answer it honestly. I don't think anybody would know.''

It appears that Shipp did suffer some heart damage about March 9, 1956 and again in July 1956, however, he was not working for Tanner at either time and was in fact resting on both occasions. Prior to his July attack he had begun working for another employer. As indicated, we hold there was substantial evidence to support the judgment and accordingly it is affirmed.

Mr. Justice McFADDIN concurs.