RANNALS *v.* SMOKELESS COAL CO.

5-1713                                           319 S. W. 2d 218

Opinion delivered January 12, 1959.

*Luke Arnett,* for appellant.

*Hardin, Barton, Hardin & Garner,* for appellee.

J. SEABORN HOLT, Associate Justice.  This appeal involves our Workmen's Compensation Law (Secs. 81-1361—1349 Ark. Stats. 1947).  Claimant's claim for an award of compensation benefits for injuries from silicosis received while in the employ of appellee and while in the course of his employment, was denied by the full commission and on appeal, was also denied by the circuit court of Johnson County.  This appeal followed.

It appears that counsel, in effect, agreed that the sole question for determination here was whether Ran-

nals' claim was filed within the statutory period required. The applicable law is set forth in Sec. 18 (a) (2) of the Workmen's Compensation Law, Sec. 81-1318 Supplement Ark. Stats. 1947, as follows: "A claim for compensation for disability on account of injury which is either an occupational disease or occupational infection shall be barred unless filed with the commission within two years from the date of the last injurious exposure to the hazards of the disease or infection, *except that in a claim for compensation for disability on account of silicosis or asbestosis, the claim must be filed with the commission within one year after the time of disablement therefrom,* and such disablement must occur within three years from the date of the last injurious exposure to the hazards of silicosis or asbestosis."

The trial court in its findings of facts said: "The Facts: The facts and evidence conclusively show claimant is totally and permanently disabled. No controversy as to this condition of claimant. The claim for compensation from the exhibits, show same to have been received by the commission on December 27, 1954. The claim on its face shows that employer was first notified on November 13, 1953 and that the accident (disability) occurred November 13, 1953." Rannals testified, when questioned as to his first notice of trouble with lungs and breathing: "A. Well, that happened about the last two years that I worked at the mines. . . . Q. Why did you quit work? A. One reason, the mine was abandoned, and another reason, I wasn't able to work . . . Q. When you say you have worked any at all since you quit in February of 1953? A. No, sir. Q. You knew you were through at that time? A. I knew I was through at that time. I didn't even go back and report, or help them take the machinery out. Q. The doctor tried to get you to quit before that time and told you you had silicosis? A. Yes, sir. . . . Q. When you got the x-rays, you quit? A. Yes, sir. Q. Then what date did you quit? A. That was in 1953— February of 1953." Dr. Cecil F. Boulden testified: "He

(Rannals) noted increased dyspnea with exertion, fatigability and muscle aching, which eventually caused his volunteer retirement in February 1953," and "His first knowledge of silicosis came during a hospital admission at Clarksville in October 1954." Dr. Harley C. Darnall stated "He had been unable to work since February 1953, because of this shortness of breath . . ." His diagnosis, Silicosis Grade III. Dr. George L. Hardgraves testified: "I have treated Arch A. Rannals of Clarksville, Arkansas, since 1946 for silicosis and bronchietasis, growing worse each year and now cannot work. Advised him to quit long before he did quit."

We hold that the above testimony alone was substantial and sufficient to support the findings of the commission and the judgment of the circuit court. As we read Rannals' testimony, he, in effect, admits he quit work in February 1953 because he was unable to continue, or even to go on the dismantling job on February 13, 1953. He did not work thereafter, and became permanently disabled.

The trial court correctly held that: "Under our statute where a claim is filed for compensation for disability on account of silicosis, claim must be filed within one year after the time of disablement therefrom. It is therefore, not the disease of silicosis, for however long a period it might have existed, but the actual disablement which determines the period of limitation, or the date of the commencement of the running of the statute. . . . it is the finding of this court, that the disablement of claimant, Rannals, occurred on February 13, 1953. That the claim for compensation not having been filed within one year thereafter, same is barred by the statute of limitations, and that the finding to such effect by the commission should be affirmed. That the statement of claimant, together with other competent testimony, sustain such findings."

In the case of *Donaldson* v. *Calvert-McBride Printing Co.*, 217 Ark. 625, 232 S. W. 2d 651, we said: "The rule in most jurisdictions is that the period within

which a proceeding for the recovery of compensation may be instituted, or within which an application or claim may be filed, commences to run when the injury accrues, or when the disabling consequences of the accident or injury become apparent or discoverable, rather than at or from the time of the happening of the accident from which the injury results; . . ." and in the more recent case of *T. J. Moss Tie & Timber Co.* v. *Martin*, 220 Ark. 265, 247 S. W. 2d 198, in which we, in effect, reaffirmed what we said in the Donaldson case above, we used this language: ". . . the time of injury from which the statute commences to run means the time when the disabling consequences of the accident or injury become apparent or discoverable, rather than the time of the happening of the accident from which the injury results. In short, we held that the time of injury meant the time when the injury becomes compensable."

It is elementary that the circuit court on appeal from the commission, as well as this court on appeal from the circuit court, must give to the findings of fact by the commission the same verity that would attach to a jury's verdict, or to the findings of the circuit court sitting as a jury. In other words, if we find any substantial evidence to support the findings of the commission and the judgment of the circuit court, we must affirm. *Lundell* v. *Walker*, 204 Ark. 871, 165 S. W. 2d 600; *J. L. Williams & Sons, Inc.* v. *Smith*, 205 Ark. 604, 170 S. W. 2d 82; *Hughes* v. *Tapley*, 206 Ark. 739, 177 S. W. 2d 429; *Johnson* v. *Little Rock Furniture Mfg. Co.*, 206 Ark. 1016, 178 S. W. 2d 249; *Kloss* v. *Ford, Bacon & Davis*, 207 Ark. 115, 179 S. W. 2d 172; *Fordyce Lbr. Co.* v. *Shelton*, 206 Ark. 1134, 179 S. W. 2d 464; *Barrentine* v. *Dierks Lbr. & Coal Co.*, 207 Ark. 527, 181 S. W. 2d 485; *McKamie* v. *Kern-Trimble Drilling Co.*, 229 Ark. 86, 313 S. W. 2d 378; *Carty* v. *Ward Furn. Mfg. Co.*, 229 Ark. 725, 318 S. W. 2d 148.

Accordingly, we affirm.

Justice JOHNSON not participating.