COLE v. HENDRY CORPORATION.

5-1715                                                    321 S. W. 2d 377

Opinion delivered February 23, 1959.

[Rehearing denied March 30, 1959]

J. R. Wilson and Paul K. Roberts, for appellant.

Wright, Harrison, Lindsey & Upton, for appellee.

J. SEABORN HOLT, Associate Justice. This is a Workmen's Compensation case. The primary and decisive question presented is one of fact,—that of dependency. On a hearing before a single commissioner appellant, Mrs. Lela Cole, was, on March 12, 1954, awarded $2.50 per week for a period of 450 weeks. On an appeal by Mrs. Cole to the full Commission the findings

and the order of the single commissioner was reversed, Mrs. Cole's claim of dependency was disallowed and dismissed. On appeal to the Circuit Court the action of the full Commission was affirmed. This appeal followed.

Claude Stevenson (the deceased) was born in 1920. While in the employ of appellee, Hendry Corporation, and during the course of his employment, he lost his life by drowning on September 4, 1951. He had no children. M. F. Stevenson was his father and appellant was his mother. They were divorced and his mother (now Mrs. Cole) was awarded Claude's custody. Mrs. Cole married her present husband in 1947. Claude married Ruth Mayes in 1942 and they were divorced in 1947. They were reconciled on the day the divorce was granted and lived together for some time. On November 10, 1947 Claude went through a marriage ceremony with Frankie Powell in Bentonville but lived with her only a few months when he left her and went back to his mother in El Dorado where he worked intermittently. The record discloses that Claude worked six months in 1950 for which he was paid $841.83. His total earnings for 1951 were approximately $500.00, which covered a period of nine months.

The findings and conclusions of the full Commission, which we have concluded were supported by substantial testimony, were: "There remains only for consideration the question as to whether or not Lela Cole was partially dependent upon the deceased and if she was, to what extent. We are of the opinion that she was not a dependent, even partially, within the meaning of the Act. She is married and has been for several years and is supported by her husband. She told one story at the hearing of this case on October 5, 1951, and later changed her testimony. Deceased was not regularly employed and was apparently out of work a considerable part of the time and could not have regularly contributed to the support of anyone. It seems clear that claimant (deceased) was from time to time supported by other persons."

On appeal to this court of Workmen's Compensation cases, our rule is well established that we must affirm the action of the commission if we find any substantial evidence to support it. As recently as December 22, 1958, in *Ship* v. *Tanner,* 229 Ark. 815, 318 S. W. 2d 821, we summarized the scope of review as follows: ''Since the enactment of our Workmen's Compensation Law, we have consistently held that we do not try compensation cases here *de novo,* we are, therefore, not concerned with where the weight of the evidence may lie. When we find any substantial evidence to support the findings of the commission, we must affirm.—Findings of fact by the Workmen's Compensation Commission are given the same verity as attach to the verdict of a jury and this applies on appeal to the circuit court as well as to the Supreme Court from the judgment of the circuit court . . . On appeal, the Supreme Court must view testimony in its strongest light in favor of the commission's findings . . . Where the commission acting upon sufficient evidence sustains or rejects an award, such findings will not be disturbed on appeal. —. . . there is no *prima facie* presumption that the claim comes within the provisions of the law, (Workmen's Compensation Act),'' *Duke* v. *Pekin Wood Products Company,* 223 Ark. 182, 264 S. W. 2d 834. ''The question of dependency is one of fact in the determination of which all the circumstances of the particular case are to be considered,'' *Nolen* v. *Wortz Biscuit Company,* 210 Ark. 446, 196 S. W. 2d 899. ''The testimony of an interested party will not be regarded as undisputed in determining the legal sufficiency of his evidence, and in weighing his testimony, his conduct and the attendant circumstances may be considered,''. *Meyer* v. *Seismograph Service Corporation,* 209 Ark. 168, 189 S. W. 2d 794.

After a careful review of the evidence presented, and without attempting to detail it here, we have concluded, as indicated above, that there was substantial evidence upon which to base the Commission's findings, and accordingly, we affirm.

McFADDIN and JOHNSON, JJ., dissent.

ED. F. McFADDIN, Associate Justice (dissenting). I am firmly of the opinion that, at all events, Lela Cole is entitled to receive $2.50 per week from September 4, 1951, and continuing for a period of 450 weeks. This is because: (a) the Single Commissioner, Hon. Dave Peel, made such an award in her favor; (b) neither the employer, Hendry Corporation, nor its insurance carrier, Travelers Insurance Company, ever appealed or filed any petition for review from that award; and (c) no additional evidence of any kind was heard by the Full Commission on review. The fact that Lela Cole filed a petition for review, seeking more money, did not allow the Full Commission to deprive her of the amount that the Single Commissioner had awarded to her.

Lela Cole claimed to be the mother of the deceased, Claude Stevenson, and partially dependent on him for support. (§ 81-1315(i), Ark. Stats.)* Her claim was heard by the Hon. Dave Peel, sitting as a Single Commissioner (§ 81-1325, Ark. Stats.);* and he found that Lela Cole was the mother of, and partially dependent on, the deceased, Claude Stevenson. Hon. Dave Peel allowed Lela Cole the amount of $2.50 per week. This opinion by the Hon. Dave Peel was filed March 12, 1954; and here are pertinent excerpts from his opinion:

"The Commissioner, in arriving at a fair estimate of what the contributions might have been in this case to this mother, feels that $2.50 per week reasonably represents the value of all such contributions resolved to an amount that would come with any degree of regularity. . . . and the respondents are directed to pay to the claimant mother, Lela Cole, the sum of $2.50 per week from September 4, 1951, representing the amount of contributions made to her for her partial support, to continue subject to the provisions and limitations of the Act, not to exceed 450 weeks."

As aforesaid, I find nothing in the record to show—and it is not insisted by appellees in this Court—that either

* These references to the statutes are to the sections as found in the Cumulative Pocket Supplement, containing the 1948 Initiated Act No. 4.

the Hendry Corporation, as the employer, or Travelers Insurance Company, as the insurance carrier, ever filed any petition for the Full Commission to review the order of the Single Commissioner (§ 81-1325, Ark. Stats.).* Rather, the dispute was all the time between the various parties who claimed dependency on the deceased, such as the common law wife, the "lawful" wife, the father, and the mother. At all events, Lela Cole, the mother, claimed that she was entitled to $5.00 per week instead of $2.50 per week and claimed that her allowances should bear interest: so she filed her petition for review by the Full Commission. And on August 26, 1954, the Full Commission rendered its opinion in which it allowed Lela Cole *nothing*.

I find no authority in our statute holding that the Full Commission may disallow a claimant even what the claimant had received from the Single Commissioner, when no additional testimony was taken before the Full Commission, and when neither the employer nor its insurance carrier ever appealed. I think the most the Full Commission could have done as regards Lela Cole was to say that she could not get any more than the Single Commissioner had allowed her. I think it was beyond the power of the Full Commission to take away from her what had been allowed her by the Single Commissioner, and against which neither the employer nor its insurance carrier had ever appealed.

I frankly state that I can find no authorities in Arkansas** on this question. In *Rocha's Case,* 300 Mass. 121, 14 N. E. 2d 133, the Massachusetts Court held that the jurisdiction of the Reviewing Board to reverse the finding of a Single Commissioner is purely statutory and rests upon a claim for review seasonably filed. Since neither the employer nor its insurance carrier filed for review, I cannot see how either is entitled to the windfall victory awarded by the Full Commission in the case at bar. In *Barlau* v. *Minneapolis-Moline Power Implement Co.,* 214 Minn. 564, 9 N. W. 2d 6, the Minnesota Court held that

** In 100 C. J. S. 1033 some cases from other jurisdictions may be found.

when an appeal is taken from the Referee's decision to the Full Commission, the Full Commission exercises appellate jurisdiction and not original jurisdiction. The Minnesota Court held that the Referee's decision was final unless reversed on appeal. These are the nearest cases in point that I have been able to find. But my sense of fair play impels me to say that Lela Cole, by appealing, should not be forced to lose what she had already received, since neither the employer nor its insurance carrier appealed, and since no additional testimony was taken before the Full Commission. I think that the judgment of this Court should be that Lela Cole is entitled to receive the $2.50 per week, just as awarded her by Hon. Dave Peel, the Single Commissioner.

Mr. Justice JOHNSON joins in this dissent.