PUFAHL *v.* TAMAK GAS PRODUCTS CO.

5-3390                                         385 S. W. 2d 640

Opinion Delivered January 11, 1965

*Skillman & Webb,* for appellant.

*Wright, Lindsey, Jennings, Lester & Schults, By: Philip S. Anderson, Jr.,* for appellee.

SAM ROBINSON, Associate Justice. Paul R. Pufahl, age 22 and unmarried, lived with his parents, Mr. & Mrs. Carl H. Pufahl, at West Memphis. He worked for appellee, Tamak Gas Products Company. On September 12, 1962 he was accidentally killed while working in the due course of his employment.

Appellants here, Mr. & Mrs. Carl Pufahl, father and mother of the deceased, filed a claim with the Workmen's Compensation Commission contending that they and a daughter were partially dependent on their son for support, and were, therefore, entitled to compensation as provided by Ark. Stats. Ann. § 81-1315(i), which provides:

"If the employee leave dependents who are only partially dependent upon his earnings for support at the time of injury, the compensation payable for such partial dependency shall be in the proportion that the partial dependency bears to total dependency. . . ."

The Workmen's Compensation Commission denied the claim; the parents appealed to the Circuit Court

where the decision of the Commission was affirmed, and the parents have appealed to this court.

The statement of facts made by the Commission is sustained by substantial evidence. The Commission said: "The primary issue to be decided herein is whether claimants were partially dependent upon the deceased at the time of his injury and death. Here the record establishes that the father claimant was steadily employed and his gross monthly earnings were $325.52 and he also participated in a profit share amount which is usually set at the end of the fiscal period. According to the only detailed evidence of record, deceased contributed about $50.00 per month to the support of the family including himself. This included $30.00 for rent which was not always paid by deceased. It includes $10.00 per month which includes clothes for the deceased. It also includes $10.00 per month during the school term for lunches and bus fare for the deceased's minor sister. It is therefore obvious that at least part of the $50.00 was spent directly for deceased's own benefit and use. Was deceased actually doing any more than supporting himself? On the record which is now before us, we can reach no other conclusion. Deceased living at home, he ate his meals at home, and his laundry was done at home. The proof establishes that the deceased contributed something less than $50.00 per month so, when this contribution is offset by the cost of maintaining deceased at home, we are of the opinion the deceased was doing no more than supporting himself. When the cost of maintaining the family is broken down on a per person basis, deceased's share of that cost is $59.35. The record shows that deceased was contributing less than $50.00 per month. Such facts do not establish, in our opinion, that claimants were partially dependent upon the deceased. On the contrary, they point to the fact that deceased was dependent to some small degree upon his parents."

The commission held that the parents and sister were not dependents of the deceased to any extent within the meaning of the Workmen's Compensation Law.

Appellants stoutly contend that the case at bar is in point with and controlled by *Crossett Lumber Co.* v. *Johnson,* 208 Ark. 572, 187 S. W. 2d 161, but there is a vast difference in the two cases. In the Crossett Lumber Company case the Commission found in favor of dependency, while in the case at bar the Commission found there was no dependency. We have repeatedly held that if there is any substantial evidence to support the finding of the Commission, it will not be disturbed on appeal; that the finding of the Commission is to be given the same force and effect as a jury verdict. *Cole* v. *Hendry Corp.,* 230 Ark. 100, 321 S. W. 2d 377; *Shipp* v. *Tanner,* 229 Ark. 815, 318 S. W. 2d 821; *Duke* v. *Pekin Wood Products Co.* 223 Ark. 182, 264 S. W. 2d 834. Furthermore, the testimony must be weighed in the light most favorable to the findings of the Commission. *West* v. *Lake Lawrence Pulpwood Co.,* 233 Ark. 629, 346 S. W. 2d 460.

Here, we cannot say there was no substantial evidence to support the finding of the Commission. It is true that it can be said there was evidence that appellants were partially dependent on their son, but it cannot be said that there is no substantial evidence to the contrary. Appellants also cite *Kimpel, Guardian* v. *Garland Anthony Lumber Co.,* 216 Ark. 788, 227 S. W. 2d 932, and *Nolen* v. *Wortz Biscuit Co.,* 210 Ark. 446, 196 S. W. 2d 899. Those cases are clearly distinguishable on the facts.
Affirmed.

Jim Johnson, Associate Justice, (dissenting). I do not agree with the majority opinion. The referee found and the majority concede that "there was evidence that appellants were partially dependent" on the deceased workman. In my view the question presented for our consideration on this appeal is not whether there was substantial evidence to support a finding to the contrary but whether the law was properly applied by the Workmen's Compensation Commission to the undisputed facts in this case.

The rule applicable here was adopted by this court in *Crossett Lumber Company* v. *Johnson*, 208 Ark. 572, 187 S. W. 2d 161, wherein it was stated from Honnold's two-volume treatise on Workmen's Compensation, Vol. I, page 232, as follows:

"The phrase 'actual dependents' means dependents in fact whether wholly or partially dependent. Hence it was no defense, in proceedings under an Act using this term, that petitioner and his family were not entirely dependent on deceased. Partial dependency, giving a right to compensation, may exist, though the contributions be at irregular intervals and of irregular amounts, and though the dependents have other means of support, and be not reduced to absolute want."

The rule having been thus established, I look now to the uncontradicted facts. They are as follows: Carl Pufahl testified that his son, the deceased, paid the rent on the family house of $30.00 per month, that his son also paid $10.00 per month on a bill made by the father to Sears Roebuck, that he aided in the purchase of clothes for his younger sister and from time to time gave her money for school lunches, that while the father was hospitalized in 1958 the deceased had the entire responsibility for support of the family, and that the deceased would contribute on an average of $50.00 per month to the family, depending on the needs of the family. Mrs. Carl Pufahl testified that her son, the deceased, contributed at least one-third of the expenses at home, that the family pooled the incomes.

In the teeth of this overwhelming evidence of partial support the Workmen's Compensation Commission attempted to rationalize away this young man's efforts in behalf of his family. As I see it this strained action by the Commission was a misapplication of the law which resulted in a grievous error in favor of the appellee insurance company. The humane purpose which the Workmen's Compensation Law seeks to serve leaves no room for narrow technical application. We said in *Holland* v. *Malvern Sand & Gravel Co.*, 237 Ark. 635, 374 S. W. 2d 822:

"The most important rule, carrying out the humane purpose of the act, is that the commission must follow a liberal approach and in a situation where one inference would support an award and another would defeat it, the inference supporting the award must be adopted."

For the reasons stated I respectfully dissent.